GEORGE E. WALLICH, JR., APPELLEE, v. RAY S. SANDLOVICH ET AL., APPELLANTS.

FILED DECEMBER 7, 1923. No. 22592.

1. **Sales: BONA FIDE PURCHASER.** The failure of a supposed owner of an automobile to register the same with the state authorities as required by the statute is a suspicious circumstance, which, together with other matters referred to in the opinion brought to the notice of the purchaser, is sufficient to put the purchaser upon inquiry as to the vendor's title.

2. **Evidence examined, and *held* sufficient to sustain the finding and judgment of the lower court.**

Wallich v. Sandlovich.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*J. S. Garnett, T. S. Allen, Everett C. Wilson* and *George N. Foster,* for appellants.

*Hall, Baird & Williams, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., REDICK, District Judge.

REDICK, District Judge.

Action of replevin for a Cadillac automobile; jury waived and trial to the court; finding and judgment for plaintiff, and defendant appeals.

The facts are: May 31, 1921, one Mann purchased the car in question from plaintiff at Kansas City, Missouri, and gave in payment therefor his check on a Kansas City bank for $2,500. Upon presentation of the check the next morning payment was refused for want of funds. Possession of the car was delivered to Mann the evening of the purchase; a bill of sale dated May 31, 1921, was executed by plaintiff to Mann, who appears also to have witnessed the same. June 3, 1921, at about 2 p. m., Mann, under the name of A. J. Brown, sold the car to defendants under the name Nebraska Auto Exchange, dealers in used cars at Lincoln, Nebraska, taking a Buick roadster and $400 in cash as payment. Brown (or Mann) was introduced to defendants by an acquaintance named Dietz. Brown told defendants he had traded some land for the car, and produced the bill of sale to Mann, upon the back of which, defendants testify, there was an "assignment" to Brown. One of defendants testified with regard to this: "He had a bill of sale from the Atlas Motor Company at Kansas City." Defendants permitted Brown to keep the bill of sale. The car carried a Nebraska license number L.578, which indicated a "lost" number. With reference to this, Adams, agent of defendants, who took part with Ray S. Sandlovich in making the trade, testified: "He (Brown) didn't just

Wallich v. Sandlovich.

exactly say it was lost. He said this license was taken
out for a Buick automobile, and he said this Buick automo-
bile he had sold, and he let this number and registration
card go with this Buick and he went up and got him a
lost number." "He told us this car had not been regis-
tered." "We knew this license did not belong on the Cad-
illac—he told us that—or he would have had the blue slip."
Brown also said to Sandlovich that the registration cer-
tificate had been lost; also that he was a resident of Hallam,
Nebraska. Upon completion of the sale, Brown and de-
fendants (under their trade name) joined in a statement
of the sale, in which the "present registration No." was
given as "L.578," to the state motor vehicle department,
and the county treasurer of Lancaster county, and request-
ing registration of the vehicle in the name of (blank).
Nothing was done under this document, and defendants did
not take a bill of sale from Brown. Defendants made no
inquiries other than of Brown before purchasing the car.
Palintiff replevied the car June 6, 1921.

The question is whether these facts require a finding that
defendants were innocent purchasers in good faith. The
lower court having answered in the negative, its finding
will not be disturbed unless manifestly wrong.

The laws of this state require the owner of an automobile
to have the same registered, whereupon a number is as-
signed to that particular car and a certificate issued, which
is required to be kept posted in plain sight in the car, and
number plate corresponding therewith. If the plate or cer-
tificate is lost, the owner must immediately apply for a
duplicate. In case of a transfer of ownership, the parties
must join in a statement thereof on the reverse side of the
certificate, and forward to state authorities, who will there-
upon register the car in the name of the transferee. And
it is provided the title shall not pass until the statute is
complied with. Comp. St. 1922, secs. 8365-8388 (in force in
1921).

No attempt to comply with the statute was made with
reference to the alleged transfer from Mann to Brown.

Wallich v. Sandlovich.

Brown did not have the car registered in his name; the only evidence of his ownership was the bill of sale and his possession. The want of compliance with the transfer requirements, defendants contend, is not material, because the car had never been registered; yet they attempted to comply with the transfer act by making application therefor as though the car had been registered under L.578. It may be that the transfer section only applies to cars that have been registered, but section 2 of the same act (section 8365, *supra*) requires all cars to be registered by the owner. The object of this statute as expressed in its title is, *inter alia*, "to regulate and safeguard the sale and transfer of motor vehicles," and the fact of nonregistration is of itself a suspicious circumstance. In addition to this, defendants had notice of the facts that the car had been sold in Kansas City only three days before; that their vendor claimed to have traded land for it; that his desire to sell it was to get a lighter car, which evinced a rather sudden change of heart; that the car did not carry a registration certificate; that it carried a false license number, one which belonged to a Buick.

The burden of proof was upon defendants to show that they purchased in good faith without notice. *Justice v. Shaw*, 103 Neb. 423. This they have utterly failed to do. The facts above set out were clearly of a character, considering the nature of the transaction, to put defendants upon inquiry regarding the vendor's title. If they had simply called up the Atlas Motor Company at Kansas City, they would have discovered the facts. In the presence of these suspicious circumstances, we do not think defendants were justified in relying upon the recital of payment in the bill of sale. If this transaction can be sustained, the auto vehicle registration law might as well not have been passed; if the car had been regularly registered by Brown, one of the suspicious circumstances would not have existed.

The evidence is ample to sustain the finding of the district court, and its judgment is

AFFIRMED.