MATT MUZENICH, APPELLANT, v. HARRY MCCAIN, RESPONDENT.

Kansas City Court of Appeals. June 29, 1925.

**1.—Sales—In Sale of Automobile, Failure to Comply With Statute Requiring Bill of Sale, Transfer of License and Registration Certificate Rendered Sale Void, and Purchaser Was Not Purchaser in Good Faith.** Under sections 7553, 7555, 7561 and 7562, Revised Statutes 1919 (Laws of 1921, Ex. Sess., p. 90), requiring bill of sale, transfer of license and registration certificate, **held** that sale of automobile not incompliance therewith is void, and purchaser was not purchaser in good faith, and protected under section 2284, Revised Statutes 1919, against defective assignor's title by failure of former owner to record contract of sale to assignor.

**2.—Replevin—Damages—Value of Property Assessed as of Date of Trial and Not as of Time Possession was Acquired.** In action of replevin, the value of the property is to be assessed as of the date of the trial, and not

as of the time it came into possession of defendant, but where defendant has destroyed, sold or dissipated the property and no value can be put upon it at the time of trial, the rule is otherwise.

**3.—Same—Burden of Proof to Show Depreciation of Property Was upon Plaintiff.** In replevin of motor truck, the burden of proof to show depreciation thereof was upon plaintiff.

**4.—Same—Damages: Where There Was no Evidence to Support Item of Damages Allowed, Judgment Cannot be Sustained.** Where jury found value of motor truck at time it came into possession of defendant and that it had depreciated in a certain sum, even though value at time of trial could be determined as difference therein and recovery permitted on that basis, there being no evidence of depreciation, the judgment cannot be sustained.

**5.—Trial Practice: Replevin Action Held Not Tried on Theory that Value of Property at Time of Acquiring Possession Should be Finding of Jury Instead of Value at Time of Trial.** Failure of defendant to object to plaintiff's testimony that truck was worth $3000 at time of sale to defendant's purchaser about a month before defendant obtained possession, **held** not to show that case was tried upon theory that it was the value thereof at time it came into defendant's possession and which value was to be found by jury, instead of its value at time of trial, particularly where such testimony was introduced to show lack of good faith.

**6.—Replevin—Plaintiff not Bound by Amount Alleged in Affidavit of Replevin as Market Value of Property.** Plaintiff is not bound at time of trial by the amount alleged in affidavit of replevin as the market value of property.

---

*Corpus Juris-Cyc References: Motor Vehicles, 28Cyc, p. 44, n. 80 New. Replevin, 34Cyc, p. 1503, n. 27; p. 1505, n. 37; p. 1509, n. 71; p. 1570, n. 90. Sales, 35Cyc, p. 690, n. 76. Trial, 38Cyc, p. 1393, n. 41.

Appeal from Circuit Court of Jackson County.—Hon. Thad B. Landon, Judge.

AFFIRMED.

*Gossett, Ellis, Dietrich & Tyler* for appellant.

*Roland Hughes* and *H. S. Julian* for respondent.

BLAND, J.—This is a suit to replevy an automobile truck. The jury found for plaintiff; that the value of the truck "at the time it came into possession of the defendant was twenty-five hundred dollars ($2500) and that the damages for injuries to said truck is one thousand dollars ($1000) and that the damages for taking and detention of the same is three hundred fifty dollars ($350)," etc. A judgment was entered in accordance with the verdict but plaintiff remitted all of the judgment except the sum of $2500, the value of the truck as found by the jury. Thereafter the court sustained defendant's motions for a new trial and in arrest of judgment "because of error in instructing the jury to find the value of the truck at the time the same came in possession of the defendant," and plaintiff has appealed.

The facts show that plaintiff, who lived in Kansas City, Kansas, in the fall of 1920 purchased the truck in question and sometime thereafter entered into an agreement with one McCormick in that State agreeing to sell the truck for the sum of $3000. Plaintiff agreed to take McCormick's note for the $3000 secured by the latter's note for $8000 purporting to be signed by Henry Treece and secured by deed of trust on certain lands in Texas. Plaintiff stated to McCormick that he would investigate the security and the latter said: "You let me have the truck and you can find out by the time the contract calls for whether the note is good or not." The truck was delivered to McCormick but the arrangement was that McCormick was not to become the owner of the truck until plaintiff could discover whether the note and deed of trust were valid.

Plaintiff testified that he did not sign a bill of sale; that the license was not transferred and was not to be transferred until the security was discovered to be valid. Plaintiff made an investigation as to the security and found that the deed of trust was worthless. Plaintiff thereupon made a search for the truck and after the expiration of about a month located it in the hands of the defendant, at that time it had a license attached to it belonging to another car. One Salmon testified that he purchased the truck from McCormick in Kansas City, Missouri, for defendant and at the time of the purchase of the truck "he did not sign any documents which were sent to the Secretary of State of Missouri, nor to any officer anywhere." Plaintiff testified that he paid $3764 cash for the truck and that he drove it for about three months before he sold it; that the truck at the time it was sold by plaintiff was worth $3000. Defendant testified that "he did not at the time of the purchase of the truck or afterwards sign any papers which were transmitted to the Secretary of State of Missouri or to any officer elsewhere." There was evidence on the part of defendant that the truck was worth from $2500 to $3000 at the time of the trial but that it would not bring over $2000. McCormick brought the truck to Missouri where he was residing and it was driven on the streets of Kansas City before it was sold by him.

The contract of sale between plaintiff and McCormick was not recorded and defendant insists that it comes within the conditional sales statute, section 2284, Revised Statutes 1919. There was a great deal of testimony introduced by plaintiff in an effort to show that Salmon and defendant were not purchasers in good faith and plaintiff in his brief argues at length that the facts elicited at the trial so show. However, in plaintiff's instruction No. 10, of which defendant complains, the court told the jury that if the transaction between plaintiff and McCormick "was not a sale but merely an agreement by which McCormick was to have possession of the truck" until plaintiff ascertained the genuineness and value of the notes and

security given by McCormick, and if no title was to pass until such time, then McCormick and those holding under him did not obtain title to the truck and their verdict must be for plaintiff. Of course this instruction directs a verdict, wholly ignoring the conditional sales statute.

It is unnecessary for us to decide whether the agreement between plaintiff and McCormick amounted to a conditional sale (conceding that there is a presumption that the Kansas Law is the same as ours) for the reason that defendant was not a purchaser within the meaning of the conditional sales statute, supra. Sections 7553, 7555, 7561, and 7562, Revised Statutes 1919, contemplate that in a sale of a motor vehicle, other than by a manufacture or dealer, the owner or vendor shall have a certificate of registration and that (Sec.) 7561)—

". . . the vendor shall, in the presence of an officer qualified to take acknowledgments to deeds, indorse his name on the back of said certificate of registration described in section 7555, and the vendee shall also, in the presence of such officer and underneath the name of the vendor, write his own name, and to both of said names the said officer shall sign his name as a witness and receive the sum of twenty-five cents therefor; and thereupon the vendor shall deliver to the vendee or transfer the said certificate of registration and which shall be evidence of the vendee or transferee of his ownership of said motor vehicle, and it shall be the duty of such vendee or transferee, upon request of any peace officer, to exhibit to such officer the said certificate of registration. Upon such sale of a motor vehicle, the vendor shall give notice thereof with the name and address of the vendee to the Secretary of State, and the vendee shall, within five days after such sale, give notice to the Secretary of State of such sale, also the business address of the previous owner, if known, the number under which the motor vehicle is registered and the name, county and business address of the vendee, and upon the payment by the vendee of a fee of fifty cents the Secretary of State shall note upon the registration or index such change in ownership. Any sale or transfer of such motor vehicle without complying with the provisions of this section shall be fraudulent and void."

There is no question but that the sale from McCormick to Salmon was absolutely void. [Paragould Wholesale Grocery Co. v. Middleton, 208 Mo. App. 592; Howell v. Conn. Fire Ins. Co., 257 S. W. 178.] There is no evidence as to when the alleged sale from McCormick to Salmon was made but whether made at the time said sections of the statute last cited, or the Laws of 1921, Extra Session, page 90, were in effect, the sale was void and Salmon and defendant were not purchasers in good faith within the meaning of the conditional sales statute.

However, we think that the court properly sustained the motion for a new trial on the ground stated in his order. It is well settled that the value of the property is to be assessed as of the date of the trial and not as of the time it came into the possession of the defendant, as the jury were instructed by the court, resulting in their finding in accordance with the instruction. [Fergusson v. Comfort, 194 Mo. App. 423, 431.] Of course, it is equally well settled that where defendant has destroyed, sold or dissipated the property and no value can be put upon it at the time of the trial, the rule is otherwise. [Pope v. Jenkins, 30 Mo. 528; Westbay v. Milligan, 74 Mo. App. 179, 182; Willison v. Smith, 60 Mo. App. 469.] But the exception to the rule has no application to the facts in this case as defendant had the property in his possession within the jurisdiction at the time of the trial.

Plaintiff claims that as the jury found that the value of the truck at the time it came into possession of defendant was $2500 and that it had depreciated in the sum of $1000, the jury necessarily found that the truck was worth $1500 at the time of the trial; that plaintiff was entitled to recover the sum of $2500 that remained after the remittiturs, on the theory that the jury, in effect, found that the value of the truck at the time of the trial was $1500 and expressly found that the damages for depreciation or deterioration in value in the sum of $1000. Whether or not plaintiff's argument in connection with this contention is sound we do not say, for the reason that the finding of $1000 for the item mentioned was not justified as there is no evidence to sustain it. There is absolutely no evidence of depreciation "or injuries" to the truck except that there was testimony that the pan under the engine had been taken out and the truck had been used by defendant for about two and one-half months. There was evidence that the tires were in bad condition at the time defendant came into possession of the truck and new tires had been bought at a cost to defendant of $250; that the truck had been repainted, but from all the testimony the jury could find that the repainting was unnecessary. The burden of proof to show depreciation, if any, was upon plaintiff. [Rosenblatt v. Winstanley, 186 S. W. 542.] Plaintiff wholly failed to show that the truck had depreciated in the sum of $1000.

Plaintiff urges in effect that the case was tried upon the theory that the value of the property at the time it came into the possession of defendant was to be found by the jury instead of its value at the time of the trial, because defendant failed to object to plaintiff's testimony that the truck was worth $3000 at the time of its sale to McCormick. The testimony is printed in narrative form and from what we are able to glean from the record this particular testimony was introduced in connection with plaintiff's evidence seeking to show

lack of good faith in the purchase of the truck by Salmon and defendant. Plaintiff, in connection with this testimony sought to show that they purchased the truck at a wholly inadequate price, the real value of the truck being the said $3000. Certainly the record does not conclusively show that the case was tried upon the theory that it was the value of the truck at the time it came into the possession of defendant that was involved.

As the case, no doubt, will be retried, it is proper for us to pass upon another point made by the defendant to the effect that plaintiff is bound at the trial by the amount ($2000) alleged in the affidavit of replevin as the market value of the truck. There is no merit in this contention. [Fergusson v. Comfort, supra.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.