FIRST STATE BANK OF O'DONNELL ET AL. V. FIDELITY UNION FIRE INSURANCE COMPANY

No. 4583.   Decided October 14, 1926.
(287 S. W., 50).

**Automobile—Insurable Interest—Sale—License Fees—Bill of Sale.**

A sale of second-hand automobiles invested the purchaser with title enabling him to recover against an insurer of them on their destruction by fire, though he had taken no transfer of the tax collector's receipt for license fees on them nor filed with such collector the bills of sale, as required by statute. The Act of March 24, 1919 (Laws Thirty-sixth Legislature, Chap. 138, Sec. 3c, Sec. 4; Vernon's Ann. Civ. and Crim. Stats., Supp. 1922, Penal Code, Arts. 1617 ¾c, 1617 ¾f), requiring under penalty such transfer of receipt and filing of bill of sale does not make void a sale on which this was not observed. Hennessey v. Automobile Owners' Assn., 282 S. W., 791, followed. (P. 134).

Question certified from the Court of Civil Appeals for the Seventh District, in an appeal from Lynn County.

The Supreme Court referred the questions certified to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same and directs it to be certified as the answer of the Court.

*Lockhart & Garrard,* for appellants.

The O'Donnell Motor Company had clear title to the second-hand automobiles and clearly had an insurable interest in these cars, even though the law with reference to taking bills of sale and transfers of license receipts and filing them with the tax collector as required by law was not complied with. Texas Constitution, Art. 1, Sec. 13; Vernon's Ann. Penal Code, 1922, Sec. 1617¾d, e and f, 1617¾k; Paragon Oil Syndicate v. Rhoades Drilling Co., 277 S. W., 1036.

*Collins & Houston,* for appellee.

A purchaser of second-hand automobiles who sues on a policy of insurance to recover for the loss of the same by fire must show that he has an insurable interest therein, and where it is provided by statute that it shall be unlawful to buy a second-hand automobile without demanding and receiving at the time of the purchase the tax collector's receipt for the license fee for the current year, endorsed with the name of the person to whom it was issued, and procuring a bill of sale in statutory form, which the purchaser shall file with the tax collector, together with a fee, as an application for transfer of the license, and plaintiff fails to show compliance with these requirements, the sale is void and plaintiff not being the owner other evidence of purchase and possession of the second-hand automobile will not discharge the burden of proof of an insurable interest and plaintiff cannot recover. Art. 1617¾c, d, e, f, k, Vernon's Ann. Penal Code, 1922 Supp.; Cullum v. Lub-Tex Motor Co., 267 S. W., 322; Hennessey v. Automobile Owners Ins. Assn., 273 S. W., 1024.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Seventh District has submitted certain certified questions, which are not necessary to be set out but the substance and nature of which is disclosed by the answers which we make thereto.

The O'Donnell Motor Company, a corporation, whose domicile is in Lynn County, Texas, bought twenty-five second-hand automobiles in said county, without demanding or receiving the tax collector's receipt for the license fee issued for such automobiles for the year that they were so bought. No bill of sale for any of the automobiles and no transfer of license fee receipt was filed with the tax collector. The Fidelity Union Fire Insurance Company issued to the said motor company an insurance policy

insuring the motor company against loss of said automobiles by fire. The automobiles were subsequently destroyed by fire, while in the possession of the motor company, and this suit was brought on said policy by the First State Bank of O'Donnell, to whom the policy had been assigned by the motor company after the fire occurred. The Court of Civil Appeals for the Seventh District, in which the case is pending on appeal, has here presented certified questions, which should be answered as follows:

The failure of the O'Donnell Motor Company to demand and receive the tax collector's receipt for the license fee issued for the second-hand automobiles for the year that they were bought, as prescribed by Art. 1617¾e of Vernon's Ann. Penal Code, Supp. 1922, or to file with the tax collector bills of sale covering the sale of the automobiles to the motor company, in accordance with the provisions of Art. 1617¾f, Vernon's Ann. Penal. Code, Supp. 1922, did not operate to render void the sale of said automobiles to the O'Donnell Motor Company. The sale, notwithstanding the requirements of said statutes were not fulfilled, had effect to invest the O'Donnell Motor Company with ownership of said automobiles. The fact that the requirements of said statutes were not observed in the sale of the automobiles to said motor company will not defeat a recovery on the insurance policy sued on. Hennessey v. Automobile Owners Assn., 282 S. W., 791.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.