CEREX COMPANY, Appellant, v. CLARENCE PETERSON et al., Appellees.

MOTOR VEHICLES: Registration—Delivery and Title—Scope of Statutory Requirement. The provision of the Motor Vehicle Act that delivery of a vehicle shall not be deemed made, nor title to a vehicle be deemed to pass, until the transferee shall receive and sign the certificate of registration, simply means that no delivery or passing of title is valid against the public tax-collecting authorities until the required registration is consummated. The provision has no reference to a contract delivery and passing of title *between the private parties to a sale.*

Headnote 1: 35 Cyc. pp. 274, 338.

Headnote 1: 37 A. L. R. 1465.

*Appeal from Cerro Gordo District Court.*—JOSEPH J. CLARK, Judge.

MARCH 15, 1927.

Plaintiff appeals from a judgment in favor of an intervener in attachment for the release of an attached automobile.— *Affirmed.*

*Lowell L. Forbes* and *H. L. Leslie,* for appellant.

*J. C. Robinson,* for appellees.

MORLING, J.—The question presented is the effect between buyer and seller of Section 4964, Code of 1924, declaring that, for the purpose of that chapter, title to a motor car sold shall not be deemed to have passed until the transferee has received certificate of registration and written his name upon the face thereof.

Plaintiff attached an automobile as the property of Peterson. Before the attachment was levied, Peterson had made a bill of sale to intervener, Madigan. The bill of sale was given as security, and was recorded. Plaintiff does not claim to be a bona-fide purchaser, but claims that, because of Section 4961 *et seq.,* Code of 1924, the property remained the property of Peterson, subject to attachment for his debt. The specific provision relied upon by plaintiff is Section 4964, which was not complied with, and which reads:

"Until said transferee has received said certificate of registration and has written his name upon the face thereof, for the purpose of this chapter delivery and title to said motor vehicle shall be deemed not to have been made and passed."

It will be noted that the section contains the qualifying phrase, "for the purpose of this chapter." The section is in Chapter 251 of the Code of 1924, entitled "Motor Vehicles and Law of Road." The law in immature form was contained in Chapter 2-B, Title VIII, Code Supplement, 1913. That chapter was repealed by Chapter 275, Laws of the Thirty-eighth General Assembly, which enacted a substitute. Section 18 of that chapter contained this clause:

"Until said transferee has received said certificate of registration and has written his name upon the face thereof, delivery and title to said motor vehicle shall be deemed not to have been made and passed."

The title of this act was:

"An act to repeal Chapter 2-B * * * relating to the li-
censing and regulation of motor vehicles and to enact a substi-
tute therefor and prescribing penalties for the violation there-
of."

Nothing is said about regulating the sale or transfer of
title to personal property. That subject was provided for by
Chapter 396 of the laws of the same legislature, the Uniform
Sales Act. The two chapters passed at the same session of the
legislature had different purposes in view, and obviously should
be construed each as determining the law in its own field. The
act now under consideration was a motor-vehicle-licensing and
regulating act, and its provisions are limited to the requirements
of that purpose. The next general assembly, in Chapter 159,
Acts of the Thirty-ninth General Assembly, Section 10, clearly
for the purpose of removing a possible misconstruction of the
provision above quoted from Section 18, amended it by insert-
ing after the word "thereof" the words "for the purpose of this
act." The quoted provision then read as follows:

"Until said transferee has received said certificate of regis-
tration and has written his name upon the face thereof, for the
purpose of this act delivery and title to said motor vehicle shall
be deemed not to have been made and passed."

Thus the effect and reach of the limitation on delivery and
passing of title were expressly limited to the purpose of that act,
the purpose of licensing and regulating motor vehicles. The
restriction on the passing of title not only had no reference to the
rights of buyer and seller, as between themselves, but such
rights were expressly excluded by the amendment. That limita-
tion was carried into the present statute, Section 4964, as en-
acted by the fortieth general assembly, extra session, House File
277, Section 98. It is only for the purpose of Chapter 251 of the
Code of 1924, regulating motor vehicles and prescribing the law
of the road, that delivery and title are declared not to pass until
the registration provisions are complied with. This is apparent
from other provisions of the chapter. This chapter fixes the
license fee to be paid in lieu of all taxes, general or local, on
motor vehicles. Section 4927. The tax is made a lien on the
motor vehicle. Section 4928. Motor vehicles are easily and
quickly removed to distant places. A vehicle registered and
taxed in one county may be sold to a buyer in a remote county.

The registering and taxing authorities of the county where it was first registered might, in the absence of such provisions as are contained in Section 4961 et seq., lose all trace of the vehicle, and the authorities of the buyer's county would have no notice of its being subject to registration and license there. Peculiar provisions were, therefore, necessary, to enable the officials to perform their duty and the state to collect the tax and to prevent fraud, not on the seller or his creditors, but on the state. No change was made in the law which, as to creditors of the purchaser, required the recording of the lien of the seller, if one were reserved. The general law relating to fraudulent conveyances was not interfered with. As has been noted, the rights of the parties as between themselves were left to be determined by the Uniform Sales Act and the law generally governing sales and liens. The Motor Vehicles Act does not purport to deny to the seller and purchaser, as between themselves, the full rights under the contract which they would have had in the absence of that act. Manifestly, as between them, the purchaser who had complied with his contract would have the superior right to the automobile, and would have the right to compel the seller to comply with the statute. The seller could not assert title as against his sale because he had not complied with the Motor Vehicle Law or because the buyer had not done so. The seller's creditors, so far as this act is concerned, would have no greater rights than the seller. The statute provides a penalty, Section 4967, for not completing the transfer, and prohibits issuance of a certificate until the penalty is paid. The penalty is prescribed in the interest of the state and to enforce its rights and the rights of the public to have the ownership registered.

The plaintiff is in no position to seize the intervener's property because the debtor and the intervener had not complied with the provisions designed to secure proper registration and collection of tax.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.