**SHIPP BUICK CO. v. TOLBERT.
(No. 2832.)**

Court of Civil Appeals of Texas. Amarillo. May 18, 1927.

**I. Courts ⬗488(1)—Court of Civil Appeals will not consider motion overruled by another Court of Civil Appeals before transfer of case.**

Court of Civil Appeals will not consider appellee's motion to strike certain portions of findings, where such motion was overruled by another Court of Civil Appeals before case was transferred.

**2. Sales ⬗48½—Note and mortgage given in automobile exchange held not void for violation of criminal statute regulating sale of secondhand cars.**

Note and mortgage given in exchange of automobiles were not void because in violation of criminal statutes regulating sale of secondhand cars by dealers.

**3. Sequestration ⬗20—Rendering judgment against plaintiff and sureties on sequestration bond held error, though plaintiff failed to maintain suit (Rev. St. 1925, arts. 6843, 6857).**

In foreclosure of chattel mortgage against secondhand car sold in violation of criminal statute regulating sale of secondhand cars by dealers, rendering judgment against seller and sureties on sequestration bond for value of car *held* error, in view of Rev. St. 1925, art. 6843; notwithstanding that plaintiff failed to maintain suit; article 6857 being inapplicable.

Appeal from Grayson County Court; R. M. Carter, Judge.

Action by Thomas N. Shipp, doing business under the trade-name of the Shipp Buick Company, against Thomas M. Tolbert. Judgment for defendant on a sequestration bond, and plaintiff appeals. Reversed and remanded.

B. F. Gafford, of Sherman, for appellant.
Geo. L. Hamilton, of Sherman, for appellee.

JACKSON, J. This suit was instituted in the county court of Grayson county, Tex., by the appellant, Thos. N. Shipp, doing business under the trade-name of Shipp Buick Company, against the appellee, Thos. M. Tolbert, to recover the sum of $432, evidenced by a note, payable in 12 equal monthly installments, and secured by a chattel mortgage lien against a secondhand car, foreclosure of which was sought.

The appellant made application for and had issued a writ of sequestration, under the authority of which the sheriff took possession of the car, which was not replevied by either the appellee or the appellant, but after some weeks it was delivered by the sheriff to appellant, who after painting and making certain repairs thereon sold it for $250 and credited said sum on appellee's note.

The appellee in his answer attacked the jurisdiction of the court, the pleading of appellant, and the sufficiency of the sequestration proceedings. He admitted the execution of the note and mortgage, that thereunder the title remained in appellant until the note was paid, and default in the payment of installments due. He pleaded as a defense that, in an exchange of cars, the note and mortgage were executed and delivered to appellant, representing the difference in the price of appellee's car and the one he was purchasing; that appellant had breached such contract; that he had induced appellee to execute the note and mortgage by false and fraudulent representations; that the writ of sequestration was wrongfully sued out and without probable cause, and sought to defeat the note and mortgage and recover the car sequestered, or its value, which he alleged was $350.

Appellant in his supplemental petition replied by general and special exceptions, general denial, and alleged that his mortgage contained a provision authorizing him to default in the payment of the note, according to its terms, to take immediate possession of the car, equipment, and accessories thereto, sell them at public or private sale, with or without notice, and apply the proceeds, after

deducting certain expenses, to the payment of the note; that the sale of the automobile was illegal, because in violation of the criminal statutes regulating the sale of secondhand cars by dealers therein, and prayed that appellee take nothing by his cross-action and that he go hence without day with his costs.

The execution of the note and mortgage, the default in the payment of the installments due, the provision in the mortgage authorizing the appellant, upon default in payment of the note, to take immediate possession of and sell the automobile at public or private sale, the issuance of the writ of sequestration, the failure of either party to replevy, the delivery of the car by the sheriff to appellant, the repairs made thereon by him, the sale of the car for $250, and the credit of such amount upon the appellee's note are established by the record and are not controverted.

[1] We have not considered appellee's motion to strike out certain portions of the findings of fact by the trial court, because said motion was overruled by the Court of Civil Appeals of the Fifth Supreme Judicial District, at Dallas, before the case was transferred to this court.

The trial court concludes:

"As a matter of law, the contract alleged by plaintiff constituted an illegal and void contract, and since he could not recover without relying on the illegal transaction, the court refuses to render judgment for him"; that "as a matter of law, in the sequestration suit, if the plaintiff fails to recover the property sequestrated, the defendant is entitled to a judgment restoring the same to his possession or for its value, if the same cannot be returned"; that, since the car had been disposed of by the appellant, he was required to enter judgment against him and his bondsmen on the sequestration bond, in favor of appellee, for the sum of $350, the value of the car.

The court rendered judgment for the sum of $350, with interest at the rate of 6 per cent. per annum thereon, in favor of appellee against appellant and his bondsmen.

[2] The trial court was in error in holding that the note and mortgage constituting the contract sued on by appellant was void, because in violation of the criminal statutes regulating the sale of secondhand cars by dealers. First State Bank of O'Donnell et al. v. Fidelity Union Fire Insurance Co. (Tex. Com. App.) 287 S. W. 50; Hennessy v. Automobile Owners' Insurance Association (Tex. Com. App.) 282 S. W. 791, 46 A. L. R. 521. Based on his holding that the note and mortgage were void, the court concludes that the appellant failed to maintain his suit to recover the property, and, as he had sold the car, the appellee was entitled to recover judgment against appellant and his sureties on the sequestration bond, for the value of the car.

[3] The note and mortgage, however, were not void because in violation of the criminal statutes, and hence, unless defeated by the other defenses urged, he could have maintained his suit. The record shows that none of the other defenses were passed upon, and the court committed error in rendering judgment against appellant and his sureties on the sequestration bond, for the value of the car. Article 6843, Rev. St. 1925, pertaining to bonds upon which writs of sequestration shall be issued, does not provide that judgment shall be rendered against the party giving the bond if he fails to maintain his suit, but is conditioned for the payment of all damages and costs if it is determined that the sequestration was wrongfully issued. Article 6857, providing that if the suit is decided against plaintiff final judgment shall be entered against all the obligors on the bond, refers to a replevy bond and not to a sequestration bond, and no replevy bond was given in this case.

The judgment is reversed and the cause remanded.