## SPELLMAN v. WHITE. (No. 3751.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 22, 1929.

Rehearing Denied Nov. 28, 1929.

See, also, 298 S. W. 312.

Olin E. Nesmith, of Dallas, for appellant.
Winfrey & Lane, of Dallas, for appellee.

LEVY, J. (after stating the case as above). The appellant insists that the suit should have been abated because the note upon which the right of action was sought to be founded cannot form the basis of any enforceable right, as there was omission to state upon the face of the note the words, "given for a patent right." The Acts of 1915, c. 76, p. 128, provided that:

"Section 1. That all notes and liens given for a patent right consideration or patent right territory shall state on their face that the same were given for a patent right.

"Sec. 2. The aforesaid statement on the face of said notes or liens shall be notice to all subsequent purchasers of said notes or liens of all equities existing between the parties to the original transaction, and the same shall be subject to all defenses against subsequent owners and holders, that they would if the same had remained in the hands of the original owner.

"Sec. 3. If anyone selling a patent or patent right territory shall take a note or lien for the purchase price of the same, contrary to the provisions of this Act, he shall be deemed guilty of a misdemeanor, and on conviction fined any sum not less than twenty-five nor more than two hundred dollars.

"Sec. 4. The absence of a sufficient law in this State to protect the public from patent right frauds, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days be suspended, and that this Act take effect from and after its passage, and it is so enacted."

Sections 1 and 3 of the act were carried into article 1130, Penal Code, of the Revised Criminal Statutes of 1925. As the question presented by appellant has arisen in cases in the courts of other states under statutes of like object, the decisions of the courts may be referred to in illustration of the construction of such statutes. The decisions agree that the note will not afford the basis of a recovery thereupon where the statute in direct terms declares the note shall be "void" unless the statutory words appear on its face. Wyatt v. Wallace, 67 Ark. 575, 55 S. W. 1105; Ensign v. Coffelt, 102 Ark. 568, 145 S. W. 231, and other cases. As will be observed, such character of statutes contain both the penal provision, which punishes the original taker of the note, and the separate provision operating directly upon the note, making it "void" unless the statutory words appear on its face. As declared in the cases, the note being expressly made void by the act at its inception, in legal effect it would be void in the hands of every holder, although he be the original payee, and the maker of the note could set up such remedial part of the statute. These decisions would not be applicable to the statute of this state, since the statute does not, as will be observed, in direct terms declare the note shall be void unless the statutory words appear on its face. In some of the other cases the view is taken that, although the particular statute considered does not expressly declare the note "void" for noncompliance, yet, by imposing a criminal penalty upon the taker of the note, there is conclusively implied the intention to make void and unenforceable in the courts the note so taken in contravention of the statute. Bank v. Rowe, 36 S. D. 151, 153 N. W. 939; Sandage v. Mfg. Co., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165; Mason v. McLeod, 57 Kan. 105, 45 P. 76, 41 L. R. A. 548, 57 Am. St. Rep. 327; Pinney v. Bank, 68 Kan. 223, 75 P. 119. In truth, the principle of public policy lies at the base of the ruling in these cases. The ruling, in effect, was that the note taken in contravention of the statute was opposed to the general policy and intent of the statutory law being considered, and therefore such note was necessarily void and unenforceable in the courts. But the current of authority agrees that the test adopted in such cases may not invariably be employed as pointing to the true construction of the statute. 2 Elliott on Contracts, § 667; 1 Page on Contracts, § 332. Quoting from section 667, Elliott on Contracts: "The interposition of a penalty does not necessarily and invariably render every contract in contravention of the statute void and unenforcible in the courts. As to whether all contracts are void is one of legislative intent. The purpose and intention of the legislature will control. If from the subject-matter of the statute, the language used and the purpose sought to be accomplished by its

enactment it appears that the statute was not intended to imply a prohibition, courts will construe the statute accordingly."

In the case of Herdic v. Roessler, 109 N. Y. 127, 16 N. E. 198, there was involved a statute quite similar to the Texas statute, and the court determined that in "the true construction of the statute" the "statute does not make the note illegal, although the statutory words are omitted." The courts of this state too have similarly determined that the remedy of action is not to be denied unless the statute necessarily intended a prohibition. Thompson v. Samuels (Tex. Sup.) 14 S. W. 143; Oil Co. v. Drilling Co., 115 Tex. 149, 277 S. W. 1036; Hennessy v. Auto Ass'n (Tex. Com. App.) 282 S. W. 791, 46 A. L. R. 521; Bank v. Ins. Co., 116 Tex. 132, 287 S. W. 50. In this view it is thought the statute of this state as it existed when the present note was taken may not be construed as intending to make "void" and prohibit the enforcement of the note unless the statutory words appeared on its face. Section 2 very definitely points to the purpose and object of having the statutory words stated in the note. Such words, as the nature of the consideration, were to charge the purchaser with "notice" of possible fraud or failure of consideration in order to "subject" the note "to all defenses against subsequent owners and holders" just as "if the same had remained in the hands of the original owner." It does not intend to take from a bona fide transferee for value before maturity, without notice of the consideration, the protection accorded to negotiable instruments. The presence or absence of the statutory words in the note was not intended to affect the validity of the note. Section 6 of Rev. St. art. 5932 (Neg. Instruments Law); 4 Elliott on Contracts, § 3384. In the third section of the act, the seller of the patent is made amenable to punishment simply for taking the note without stating therein the nature of the consideration. As between the original payee and the maker of the note, it was not legally necessary to insert the statutory words in the note in order to make available the defense of fraudulent representations or failure of consideration. 1 Daniel on Neg. Instr. § 769. The presence or omission in the note of the statutory words would in no wise enlarge or lessen the defense of the maker, in the suit by the original payee or a holder with notice.

The second point presented by appellant is, in effect, that the plaintiff had nothing which he could sell or assign to the defendant, as the instrument between F. E. Modlin and J. A. White was a nonassignable contract. The point is predicated upon the ground that J. A. White was to take active part in the management of the business, and was to be consulted in any business transaction. By the instrument in evidence two things are intended to be accomplished, namely: (1) F. E. Modlin to assign and vest ab-

solute title in J. A. White of an undivided one-fifth interest in the patent; and (2) to create between the parties the relationship of partners. In this view there is no legal objection to the assignment by J. A. White of his rights as a joint owner and partner.

It is believed the trial court has correctly decided the questions involved in the case, and that the judgment should be affirmed.