COMMERCIAL CREDIT COMPANY *v.* CHARLES P. MCNELLY.

*(February* 21, 1934.)

LAYTON, C. J., sitting.

*David S. Keil* (of Keil and Keil) for plaintiff.

*Charles Edward Duffy* for defendant.

Superior Court for New Castle County, Action of Replevin, No. 51, May Term, 1932.

LAYTON, C. J., delivering the opinion of the Court:

The contention now is that the certificate of title is conclusive; that the defendant may not show a right of property in himself except as such right is evidenced by a certificate of title under the statutes governing the registration and titling of motor vehicles; that the defendant could not claim title by estoppel, from which it is urged that the jury should have been instructed to find a verdict for the plaintiff.

The statutes in force at the time of the alleged sale are to be found in *Chapter* 10, *Vol.* 36, *Laws of Delaware, Article* 2 (*Section* 2 *et seq.*), entitled "Registration," and *Article* 3 (*Section* 34 *et seq.*), entitled "Titling and Anti-Theft." *Article* 2 has to do generally with the registration of motor vehicles. Each owner of a motor vehicle is required to apply to the Motor Vehicle Department to obtain registration. The application must contain a description of the vehicle and certain other information, upon which a registration card is issued. An owner, upon transferring a registered vehicle, is required to endorse the registration

card to the transferee and immediately to forward it to the Department, and the transferee is required before operating the vehicle upon a highway to apply for and obtain registration. A dealer upon transferring a vehicle by sale, lease or otherwise, is required to notify the Department upon a designated form. *Article* 3 provides that the Department shall not register a motor vehicle unless and until the owner shall make application for and be granted an official certificate of title; that an owner shall not operate a vehicle without first obtaining a certificate of title; that the application for a certificate shall be upon approved forms and shall contain certain information including a statement of liens or encumbrances; that the owner shall not sell or transfer his title or interest in a motor vehicle unless he shall have obtained a certificate of title, and an owner who transfers or sells his title or interest shall endorse an assignment and warranty of title upon the certificate with a statement of liens and encumbrances. The transferee is required to present the endorsement of certificate to the Department and make application for a new certificate. Generally, the Department may refuse to issue a certificate and its decision is final upon the statement of facts stated, unless reversed by a Court of competent jurisdiction. Penalties are provided for non-compliance.

The plaintiff relies upon *Security Credit Corporation v. Whiting Motor Co.,* 98 *N. J. Law* 45, 118 *A.* 695, in support of its contention that no title by estoppel can override the express requirements of a statute, and there it was so held under a statute making it unlawful to sell or buy a motor vehicle except as provided therein. Although the Vice Chancellor of New Jersey, in *Gaub v. Mosher,* 129 *A.* 253, 3 *N. J. Misc.* 605, thought, notwithstanding the statute, that a sale made without compliance therewith was not void, but that there was sufficient vitality in the agreement of sale to support specific performance, yet the Court of Errors and Appeals, in *Merchants' Securities Corporation v.*

*Lane,* 106 *N. J. Law* 576, 150 *A.* 559, held that the New Jersey statute established, as a matter of public policy, a method of transfer of property in motor vehicles differing from that prevailing and required as to other chattels, with the result that a purchaser from a dealer without notice of claim of the original owner who had not transferred the bill of sale to the dealer was not entitled to prevail as against the owner.

To the same general effect are *Endres v. Mara-Rickenbacker Co.,* 243 *Mich.* 5, 219 *N. W.* 719, and *Thomas v. Mullins,* 153 *Va.* 383, 149 *S. E.* 494.

Likewise in *Muzenich v. McCain,* 220 *Mo. App.* 502, 274 *S. W.* 888, under a statute declaring fraudulent and void a sale of a motor vehicle without compliance with its terms, and in *Wallich v. Sandlovich,* 111 *Neb.* 318, 196 *N. W.* 317, under a statute providing that title shall not pass except in compliance therewith, it was held that a purchaser in contravention of the statute was not one in good faith.

In those jurisdictions where the language of the statutes is express, or where the Courts regard the statutes as mandatory in character, legal title to a motor vehicle can be established only through the documentary evidence of sale and purchase prescribed by statute. But it does not always follow that, where a statute prohibits an act or annexes a penalty to its commission, the unlawfulness of the act was meant by the Legislature to avoid a contract made in contravention of its terms. *Harris v. Runnels,* 12 *How.* (53 *U. S.*) 79, 13 *L. Ed.* 901; *Huddy Automobile Law,* 11, 12, § 187.

Consequently, there is ample authority that statutes regulating sales of motor vehicles but not expressly declaring void sales made without compliance with the statutory requirements, are intended as police regulations and not as establishing exclusive methods for the transfer of title.

Texas formerly held to the doctrine that a sale made in contravention of the statute was void (*Grapeland Motor Co. v. Lively (Tex. Civ. App.)*, 274 *S. W.* 168), but in *Hennessy v. Automobile Owners' Ins. Ass'n*, 282 *S. W.* 791, 46 *A. L. R.* 521, it was held by the Commission of Appeals, approved by the Supreme Court; that as the language of the statute did not in unmistakable terms prohibit sales of second-hand motor vehicles, the Legislature had no intention to declare void such sales made in non-compliance with the statute. See, also, *First State Bank of O'Donnell v. Fidelity Union Fire Ins. Co.*, 116 *Tex.* 132, 287 *S. W.* 50.

The Ohio Courts formerly gave a strict interpretation to the Ohio statute, but in *Commercial Credit Co. v. Schreyer (Anderson v. Smith)*, 120 *Ohio St.* 568, 166 *N. E.* 808, 63 *A. L. R.* 674, under a statute making it unlawful to sell or give away a motor vehicle except in compliance with its terms, a number of prior decisions were overruled, and it was held that the statute was penal in nature, in derogation of common right, and freedom of contract, was to be construed strictly, and, therefore, a transfer of a motor vehicle not accomplished in accordance with the statute but accompanied by delivery of possession, was, as between the parties, valid.

In *Carolina Discount Corporation v. Landis Motor Co.*, 190 *N. C.* 157, 129 *S. E.* 414, 417, on appeal, an exception relied upon was the failure of the Trial Court to hold that the transfer of the certificate of title issued by the Secretary of State was necessary to give the transferee of the automobile title thereto. The Court commented upon cases in Missouri and other states and said:

"The pivotal provision of the statutes in these cases are absent from our statute. The North Carolina statute contents itself with penal provisions, operative on the persons who violate them, including the prohibition of the use of the vehicle on the highways, and no more. Our Legislature could have provided, as did Iowa, Missouri, and California, but it is clear that it did not, and we cannot extend the act beyond its provisions, however laudable the purpose or beneficent the desired result.

"When the act of sale or transfer is forbidden by statute, the violation of a positive law cannot be a consideration of a valid contract (citing authority); and the converse is equally true that, when the act of sale or transfer is not forbidden, then the contract may be valid."

In *Moore v. Wilson,* 230 *Ky.* 49, 18 *S. W.* (2*d*) 873, 874, the Court said:

"We shall first determine whether non-compliance with the terms of our statute respecting the registration. and sale of automobiles renders a sale void. Though liability may be incurred under its penal provisions, our statute does not provide that a failure to comply with its provisions will render the sale void. In our opinion, it was adopted as a police measure, is merely regulatory in character, and neither a compliance nor a non-compliance with its terms can be regarded as always conclusive of the question of ownership or title."

In *Williams v. Stringfield,* 76 *Colo.* 343, 231 *P.* 658, 659, it was said that:

"The statute was enacted to prevent automobile thefts, and that, if the Legislature had intended that the sales in violation thereof were to be void, they would have said so."

In *Bond Lumber Co. v. Timmons,* 82 *Mont.* 497, 267 *P.* 802, 803, the Court observed:

"This statute is intended solely as a police regulation and was never intended to establish an exclusive method of transfer of title to an automobile."

*Hartford Fire Ins. Co. v. Knight,* 146 *Miss.* 862, 111 *So.* 748, and *Thiering v. Gage,* 132 *Or.* 92, 284 *P.* 832, are to the same effect.

In *Cerex Co. v. Peterson,* 203 *Iowa* 355, 212 *N. W.* 890, 891, under a statute that title to an automobile shall be deemed not to have been made and passed until the transferee has received a certificate of registration, it was said:

"The *Motor Vehicle Act* does not purport to deny to the seller and purchaser as between themselves the full rights under the contract which they would have had in the absence of that act."

The California Court, in *Chucovich v. San Francisco Securities Corporation, et al.,* 60 *Cal. App.* 700, 214 *P.* 263,

264, under a statute declaring a transfer of a motor vehicle in contravention of its terms to be incomplete and not to be valid or effective for any purpose, reaches a conclusion contrary to that of the New Jersey Court in *Security Credit Corporation v. Whiting Motor Co., supra.* In this case it appeared that the plaintiff purchased the motor vehicle in good faith from one in whose possession it was under instructions from the defendant to sell, but the registration certificate was not assigned and delivered in conformity with the statute. It was urged that the sale was void, but the Court said:

"The defendant is in no position to raise such question, for by his own act he placed the automobile in the respondent's possession; and he is therefore estopped from evoking the provisions of the statute referred to."

The Delaware statutes do not in express terms render void sales of motor vehicles made in contravention of, or in non-compliance with their terms, nor is it fairly to be implied from language employed or the general purport of the statutes that the Legislature intended to set aside the general principles applicable to sales of chattels and to establish an exclusive method whereby title to a motor vehicle may pass from one to another. The statutes are penal in their nature and regulatory in character. It is true that the failure to obey the direction of the laws may result in prosecution and the imposition of penalties. Further, rights may accrue to third persons who have become entitled to rely upon an existence of a status required by the statutes, but as between the buyer and seller, title may pass to the buyer and the right of property may be divested from the seller and vested in the buyer even though the requirements of the statute have not been met. Certainly, a seller of a motor vehicle may not be allowed to invoke the statute, where, if allowed, an innocent purchaser will suffer from fraud and deceit practiced upon him by the seller's own agent.

█ This being so the jury was correctly instructed that:

"If a person sends an article to a place where it is a usual and ordinary business to sell articles of the same kind, a jury would be justified in concluding that the owner of the article had by his own act invested the person with whom the article was entrusted with an apparent authority which would protect an innocent purchaser."

*Pickering v. Burk,* 15 *East* 43; *Heath v. Stoddard,* 91 *Me.* 499, 40 *A.* 547; 42 *C. J.* 751; *Huddy Auto Law,* 11, 12, § 227. See also *South Bend Iron Works v. Reedy,* 5 *Penn.* 361 (21 *Del.*), 60 *A.* 698.

The instructions given the jury were as favorable to the plaintiff as it could have reasonably expected. The jury was required not only to pass upon the acts and conduct of the plaintiff's agent, but also upon the acts and conduct of the defendant.

█ It was found that the plaintiff placed the car for sale at a used car market where second-hand cars were usually sold to the public with no notice of its claim of ownership and with no declared restriction upon the right or authority of the proprietor of the market; that the defendant acted as an ordinarily prudent and careful person would act under like circumstances; and that the supposed contract of conditional sale under which the plaintiff ought to establish its right was obtained by fraud and deceit imposed upon the defendant by the plaintiff's agent. An instruction more favorable to the plaintiff than that given necessarily must have amounted to a binding instruction to find for the plaintiff. In the circumstances the questions were for determination by the jury. The motion for a new trial is denied.