JOE GARUBA, Appellee, v. YORKSHIRE INSURANCE COMPANY, LTD., Appellant.

No. 46284.

JUNE 15, 1943.

580

Kimball, Peterson, Smith & Peterson, of Council Bluffs, for appellant.

Reed A. Flickinger, of Council Bluffs, for appellee.

SMITH, J.—There is only one question presented to us here: Was appellee the owner of the car at the time of the loss? The trial court held that he was still the owner because there had been no record transfer of title under the provisions of chapter 251.1 of the Code of Iowa, 1939, particularly sections 5002.01 to 5002.07. The court said:

"As to the legal point as to whether the car had in fact been sold or not, our statute provides a method and only one method for the transfer of title to a motor vehicle and the turning of this car over to the prospective purchaser who made the deposit of $200 without the signing of the specific papers required by statute, in the judgment of this court, did not constitute a sale."

In this the trial court erred. The statutory provision referred to has no reference to the question of transfer of title as between buyer and seller. See Cerex Co. v. Peterson, 203 Iowa 355, 212 N. W. 890; Tigue Sales Co. v. Reliance Motor Co., 207 Iowa 567, 221 N. W. 514; Craddock v. Bickelhaupt, 227 Iowa 202, 288 N. W. 109, 135 A. L. R. 474; Abraham v. Hartford Fire Ins. Co., 215 Iowa 1, 244 N. W. 675.

These decisions were under the motor-vehicle law which at that time provided:

"Until said transferee has received said certificate of registration and has written his name upon the face thereof for the purpose of this chapter, delivery and title to said motor vehicle shall be deemed not to have been made and passed." Codes of Iowa 1931 and 1935, section 4964.

The decisions held that the purpose of this provision was to enable the officials to perform their duty and the state to collect the tax, and to prevent fraud, not on the seller or his creditors but on the state. Cerex Co. v. Peterson, supra.

The present statute does not even contain this language and has no alternative provision that attempts to prescribe what shall constitute a transfer of title except to say:

"The owner of a motor vehicle who has made a bona fide sale or transfer of his title or interest and who has delivered possession of such vehicle to the purchaser or transferee shall not be liable for any damages thereafter resulting from negligent operation of such vehicle by another." Code section 5002.07.

We have no doubt the general law governing sales of personal property applies to the facts of the present case. The undisputed testimony of appellee himself shows clearly that there was a completed sale of the insured property prior to the collision. There was a delivery of the car to the purchaser on Saturday, a payment at the same time of $200 upon the purchase price of $425, and a promise to pay the balance the following Monday. The car was in possession of the purchaser on Sunday when the collision occurred. We have examined not only the abstract but the transcript which has been certified to this court. We find no suggestion that anything remained to complete the transaction except the payment of the balance of purchase price and appellee did not even reserve a lien on the car to secure that. The reference by the trial court to the $200 payment as a "deposit" is inaccurate. It was a part payment and accepted as such.

The trial court should have rendered judgment for appellant.—Reversed.

All JUSTICES concur.