## COMMERCIAL STANDARD INS. CO.
### v. McCOLLUM.
### No. 4668.

United States Court of Appeals,
Tenth Circuit.

Oct. 31, 1953.

Carl H. Gilbert, Santa Fe, N. M. (L. C. White and William W. Gilbert, Santa Fe, N. M., on the brief), for appellant.

H. S. Glascock, Gallup, N. M. (H. C. Denny, Gallup, N. M., on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

HUXMAN, *Circuit Judge.*

This was an action on an insurance policy issued by appellant covering a Cadillac automobile owned by appellee. Among other provisions, the policy provided coverage for loss through collision or upset. The policy provided that it did not apply while the automobile was

subject to any bailment lease, conditional sale, mortgage or other encumbrance and that the policy would not inure directly or indirectly to the benefit of any carrier or bailee liable for loss to the automobile. The automobile was wrecked while being driven by Frank Wiseman from Gallup, New Mexico, to Los Angeles, California. Appellant denied liability and appellee instituted this action, alleging ownership in himself of the car. The answer denied that appellee, McCollum, was the owner of the car at the time of the accident. As a further defense, it was alleged that prior to the accident McCollum had sold the car in question, had delivered possession thereof to the purchaser, and did not have an insurable interest therein at the time of the accident. As a further defense, it was alleged that if appellee had an interest therein, then the automobile was subject to a bailment lease, conditional sale or mortgage and, therefore, not covered by the policy. The trial court found that the sale contract between McCollum and Wiseman contemplated a cash sale and that title was not to pass until the check given in payment had been paid and, since it had not been paid at the time of the accident, McCollum was the owner of the car.[1] Judgment was entered for McCollum based on these findings. The correctness of the court's judgment depends upon the sufficiency of the evidence to sustain the above outlined findings.

McCollum, the owner of the automobile in question, had decided to sell it. He placed it with the Pontiac-Cadillac Agency in Gallup, New Mexico, for that purpose. Frank Wiseman of Inglewood, California, came to Gallup and negotiated with appellee for the purchase of the car. They agreed upon a consideration of $4,600 for the car. Wiseman gave his check for this amount and the car was delivered to him and he started on his way to California.

As pointed out, the protection afforded by the policy did not apply if the automobile was subject to bailment lease, conditional sale, mortgage or other encumbrance. As stated, appellant defended on the ground that McCollum had sold the automobile or in any event that the contract with Wiseman constituted a conditional sale or created a bailment and that therefore, there was no liability. The trial court rejected these contentions. It found that both parties contemplated a cash sale; that neither intended a sale on credit and neither intended a conditional sale and that neither Wiseman nor McCollum intended that the title to the car should pass until McCollum actually received payment.

All the direct evidence in the case supports these findings.[2] Appellant, however, contends that the surrounding facts and circumstances refute these findings and compel the conclusion that there was a sale on credit or in any event a conditional sale, in which title was retained as security for payment of the amount due. It points to the fact that McCollum gave Wiseman a bill of sale for the car and also delivered the certificate of title to him. But McCollum testified that these instruments were given to Wiseman only to enable him to pass through the California Port of Entry and not for the purpose of passing title. It is significant that the certificate of title was not endorsed but that it was understood, when McCollum was paid, Wiseman would return the certificate to McCollum for his endorsement and it would then be redelivered to Wiseman.

The facts as found by the trial court, supported as we think they are in the record, distinguish this case from Allison v. Niehaus, 44 N.M. 342, 102 P.2d 659, on which appellant relies. That case is predicated on the premise that title was retained as security for the payment of the purchase price. This was not the case here under the court's

---

1. Wiseman, the purchaser, was killed in the accident and payment on his check was stopped.

2. Since Wiseman was killed in the accident, McCollum offered the only direct testimony as to the terms of the contract.

findings. Appellant cites a series of cases such as Garuba v. Yorkshire Ins. Co., 233 Iowa 579, 9 N.W.2d 817, and Hicksbaugh Lumber Co. v. Fidelity and Casualty Company of New York, Tex. Civ.App., 177 S.W.2d 802, in support of its position. They are, however, distinguishable upon the facts. In all of them were present elements showing the existence of an equitable interest in the vendee or a debtor-creditor relationship and the retention of title as security for a debt, or other factors sustaining a finding that the vendor was no longer the sole and unincumbered owner of the property, free of all claims by others.

■ A cash sale is one where title passes only upon payment of the purchase price. Payment in such sales is a condition to the passing of title and, when in such sale the vendor accepts a check or draft for the purchase price as a means of payment, it constitutes only a conditional payment, and as between the parties payment becomes absolute only when the check or draft is paid[3] and, until such payment, title does not pass.

■ Whether a contract is one of sale or one to sell and whether it is a sale for cash or on credit depends upon the intention of the parties[4] and in determining whether title passes by the giving of a check in a sales transaction the guiding factor is the intention of the parties.[5] In determining the intent of the parties, we look not only to what they said but also to what they did with respect to the transaction.

■ Standing alone and unexplained the delivery of the car to Wiseman, knowing that he would take it to California with him, would be a factor tending to support a contention that this was a credit transaction and not a cash sale, but it does not stand unexplained in this record and the nature of such delivery clearly appears therein.

The conditional delivery of the bill of sale and of the certificate of title are significant as is the fact that McCollum was shortly coming to Los Angeles. He testified that Wiseman stated if he was unable to handle the car he would meet McCollum at the Los Angeles Airport on arrival and redeliver the car to him. All this supports the legal conclusion that the delivery of the car to Wiseman was a conditional delivery, without vesting any equitable interest or ownership in him and entitling him only to the possession of the car until paid for or until called upon to redeliver it to McCollum.[6]

What has been said disposes of the contention with respect to bailment or mortgage encumbrance. It is our conclusion that the findings of the trial court are supported by the record and the judgment appealed from is, therefore, affirmed.

---

3. 46 Am.Jur., Sales 613 § 447.

4. United States v. Amalgamated Sugar Co., 10 Cir., 72 F.2d 755.

5. Winter v. Miller, 10 Cir., 183 F.2d 151.

6. In National Bank of Commerce v. Chicago, B. & N. R. Co., 44 Minn. 224, 46 N.W. 342, 560, 9 L.R.A. 263, the Minnesota Supreme Court held that where goods are sold for cash on delivery and payment is made by the purchaser by check, such payment is only conditional and the delivery of the goods also is conditional and that, if the check is dishonored, the vendor may retake the goods.

To the same effect see De Vries v. Sig Ellingson & Co., D.C., 100 F.Supp. 781.