MERCHANTS' SECURITIES CORPORATION, APPELLANT, v. CLARENCE LANE, RESPONDENT.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Harry Green*.

For the respondent, *Howard Isherwood*.

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment in an action of replevin, entered upon a direction of verdict for the defendant. In May, 1927, the defendant purchased a Royal Chandler Sedan 8, engine No. 102198, serial No. 102198, from the Chandler Newark Motors, Incorporated, and received a bill of sale therefor from it dated May 23d, 1927. Subsequently, in November or December, 1927, respondent, Lane, placed the car in the possession of the Chandler Newark Motors, Incorporated. He testified he did so for the purpose of having certain repairs made. The contrary contention is that he so placed it for the purpose of a "trade in" so that said company might sell it for his account, giving him credit for, any such sale upon account of the purchase price of a new car.

Whatever the actual fact in this respect may be, the Chandler Newark Motors, Incorporated, sold the car to one Chamberlain, who executed to it a conditional bill of sale which was assigned to the appellant, the Chandler Newark Motors, Incorporated, having given to Chamberlain its bill of sale for the motor car. Chamberlain having defaulted in his payments, appellant required possession of the car, and finding respondent in such possession, after demand and refusal to deliver, brought the action in replevin, declaring the ownership and possession to be in itself, which was denied by respondent.

The trial judge directed a verdict in favor of the respondent-defendant. From this the plaintiff below appeals.

We conclude that the action of the trial judge was proper and that the judgment below should be affirmed.

It appears that the Chandler Newark Motors, Incorporated, was not a manufacturer, but simply a dealer, and had no authority from the motor vehicle commissioner under *Pamph. L.* 1925, *p.* 287, § 4, to issue a bill of sale. This was the situation at the time of the sale to the respondent, Lane, as well as at the time of the reputed sale to Chamberlain. However, Lane had been in possession from the time of the sale and delivery to him in May, 1927, until No-

vember or December of that year, and his ownership and right of possession had been recognized by the motor vehicle department, by the registration of such car, in his name, for the year 1927, and, subsequent to the reputed sale to Chamberlain, he again came into possession of the car, which was registered in his name for the year 1928, and he was in the possession thereof at the time of the demand by appellant and the commencement of the suit in question. There was no effort to show a transfer of the car to Chamberlain pursuant to *Pamph. L.* 1919, *p.* 357.

The appellant urges a reversal of the judgment below because it was the owner of the car by virtue of the transfer to it of the note and conditional bill of sale of Chamberlain to the Chandler Newark Motors, Incorporated, because respondent failed to prove title to the car inasmuch as he did not have the necessary documentary title required by law; because appellant and Chamberlain were innocent purchasers for value, without notice and because respondent's transaction with the Chandler Newark Motors, Incorporated, was either a security arrangement or such company was the agent of respondent.

These grounds can bring to appellant no relief from the judgment under review.

First, because where, as in the proceeding before us, the defendant below, by his answer, denied property and right of possession in the plaintiff, the latter has the burden to establish ownership in itself, absolute or qualified, with a right of exclusive possession at the time of bringing the action, otherwise it fails in its action and the defendant is entitled to judgment. *Hunt* v. *Chambers,* 21 *N. J. L.* 620; *Chambers* v. *Hunt,* 22 *Id.* 552.

And, as we find it, the situation here was that the plaintiff below had not established ownership and right of possession in itself.

Second, because appellant cannot benefit from the fact that the respondent did not have the documentary title provided for and required by *Pamph. L.* 1919, *p.* 357, and *Pamph. L.* 1925, *p.* 287, § 4, inasmuch as it had no such

title itself. As before indicated the issue below was not whether respondent had title and right of possession at the time of the beginning of the action but whether such title and right of possession was in the appellant. Such title must be that coming to the plaintiff in the manner provided by the statutes before referred to. *Security Credit Corp.* v. *Whiting Motor Co., 98 N. J. L. 45.*

In view thereof the appellant and Chamberlain were not innocent purchasers for value. without notice, and it is immaterial what the relation was between respondent and the Chandler Newark Motors, Incorporated, respecting the car.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.    15.

*For reversal*—None.