MERCHANTS' SECURITIES CORPORATION, APPELLANT, v.
CLARENCE H. LANE, RESPONDENT.

Filed May 19, 1930.

For the appellant, *Harry Green*.

For the respondent, *Howard Isherwood*.

PER CURIAM.

This application is based upon two grounds:

First, because this court affirmed the judgment of the Circuit Court upon the ground that the plaintiff below did not have title to the motor vehicle as required by the act entitled, "An act relating to and regulating the sale and purchase of motor vehicles requiring presence of manufacturer's number on same, requiring issuance of bill of sale and assignment of same and providing penalties therefor," approved April 15th, 1919 (*Pamph. L.* 1919, *p.* 357), and its supplements and amendments, and such holding nullifies and overrules the cases of *General Motors Acceptance Corp.* v. *Smith,* 101 *N. J. L.* 154; *Commercial Credit Corp.* v. *Coover,* 101 *Id.* 530, and *Huber* v. *Cloud,* 102 *Id.* 181, in this court, and *Belmont Motors Corp.* v. *Irvington Concrete Co.,* 4 *N. J. Mis. R.* 322; *Edson & Co.* v. *Shuster,* 3 *Id.* 428, and *Hare & Chase* v. *Tomkinson,* 129 *Atl. Rep.* 396, in the Supreme Court, all of which cases overrule *Security Credit Co.* v. *Whiting Motor Co.,* 98 *N. J. L.* 45, decided in the Supreme Court in 1922.

Our re-examination and reconsideration of these cases confirms our previous conclusion that they have no conclusive or controlling bearing upon the case *sub judice.*

In none of the cases was the title or right of possession of the vendor in the conditional sale transaction questioned.

In *General Motors Corp.* v. *Smith, supra,* the right of the plaintiff to maintain an action in replevin against the conditional vendee was attacked upon the ground that it was merely the assignee of the conditional bill of sale, holding no absolute bill of sale or assignment thereof under *Pamph. L. 1919, p. 357, supra.*

It is true that this court there held that the Conditional Sales act (*Pamph. L.* 1919, *ch.* 165) "stands by itself" and is not to be read with or have engrafted upon it the Motor Sales act of 1919, *supra,* and that the assignment from the conditional vendor gave to the plaintiff every right that such seller had including any and every right to secure possession of the car by proceedings in replevin. As we have before stated, the title and right of possession of the plaintiff and its assignor, the original vendor, was not questioned. Under the facts and circumstances of that case the opinion correctly and accurately states the law as applicable thereto.

In *Commercial Credit Co.* v. *Coover, supra,* the contest, in an action in replevin, was between the assignee of a conditional sales agreement and the vendee thereunder, the latter claiming that, after executing such conditional sales agreement, he paid the full purchase price to his vendor, but, had not, prior to the assignment of the conditional sales agreement, received from his vendor an unconditional bill of sale. There is no analogy between this case and that now before us.

In *Huber* v. *Cloud, supra,* the only question involved was the description of a motor vehicle in a conditional bill of sale. We held that the description was sufficient to identify the car and that in such an instrument, like in a chattel mortgage, such a description as would enable third parties to identify the property was sufficient.

In *Belmont Motors Corp.* v. *Irvington Concrete Co., supra,* the facts in controversy do not appear in the opinion.

In *Hare & Chase* v. *Tomkinson, supra,* the court simply construed certain provisions of the Conditional Sales act; the facts therein being such as render this case inapplicable to the matter in hand.

In *Edson* v. *Schuster, supra,* the question involved was the title and right of possession of the motor car under and through a sale under the Garage Keeper's Lien act (*Pamph. L.* 1915, *p.* 556), and it was held that in a sale under that act the requirements of the Motor Sales act (*Pamph. L.* 1919, *p.* 367), *supra,* could not, and were not, required to be complied with.

In the case before us we do not find that appellant was denied any right enunciated by the foregoing cases nor was any principle of law or construction of any statute in such cases repudiated or trespassed upon.

Nor do we find that the holding in *Security Credit Corp.* v. *Whiting Motor Co.,* 98 *N. J. L.* 45, has been overruled or repudiated. On the contrary, it is perfectly apparent, and, we hold, that with respect to this particular class of personal property, motor vehicles, the legislature by the act of 1919, page 357, *supra,* its amendment (*Pamph. L.* 1925, *p.* 287), and its supplement (*Pamph. L.* 1926, *p.* 423), intended to, and did establish, as a matter of public policy, a method of transfer of property in them, differing from that prevailing and required as to other chattels. It is true that this legislation was designed, primarily, to prevent traffic in stolen motor cars, but, to reach that end, and accomplish that purpose, it is required that a manufacturer's, agent's, or dealer's bill of sale shall be delivered to the original purchaser, when the transaction becomes complete and the sale becomes absolute, and, in all subsequent sales of the vehicle, there shall be attached to the original bill of sale, an assignment, by the subsequent vendor to his vendee. This is subject to this modification as expressed and held in *Edson & Co.* v. *Schuster, supra:* "The Motor Vehicle Bill of Sale act contemplates voluntary sales made by owners of vehicles and, in the absence of fraud or collusion, does not comprehend sales under judicial or statutory authority, such sales not being within the mischief intended to be remedied by the act." And it may be added that in such last mentioned instances adherence to said act would be impossible.

Now, it is urged that the Chandler-Newark Motors, Incorporated, the original owner of the car in question, held no permit, as a dealer, from the department of motor vehicles as required by the amendment of 1925 (*Pamph. L.* 1925, *p.* 287) to issue and deliver a bill of sale to the respondent, Lane.

We conclude, however, that this contention is not legally substantial because, we are of the opinion, that such provision contained in the proviso in such amendatory act is merely directory, and we so construe it, holding that it does not detract from the other requirements of, and powers conferred by, the provisions of the section in which it appears. *Kennedy* v. *Congle,* 14 *N. J. L.* 82; *Paulison* v. *Taylor,* 35 *Id.* 184; *Sooy* v. *State,* 38 *Id.* 324 (at *p.* 334); *Weinberger* v. *Erie Railroad Co.,* 86 *Id.* 259.

It seems to us that, in construing this statute, it would be unreasonable to hold that the legislature intended that one, purchasing from a dealer, must, at his peril, satisfy himself that such a vendor has the permit necessary to authorize the execution of a proper and legal bill of sale satisfying the requirements of the statute. The more logical conclusion would seem to us to be that this provision was placed in the statute in order to permit the motor vehicle department to investigate and satisfy itself as to the standing, responsibility and reliability of such dealers and thus facilitate the licensing of cars purchased from them and where such sales and purchases are evidenced by bills of sale executed and issued, by them, thereby the more fully to protect the purchasing public from the traffic in stolen cars.

It is further urged that, upon the proofs in the case before us, a jury question was raised as to the title of the Chandler-Newark Motors, Incorporated, to the car and its right to sell it to Chamberlain, the conditional vendee. This is urged upon the ground that there was evidence from which the jury could have found that Lane, the respondent, either authorized the company to sell the car for his account or had himself actually sold the car to the company in which transaction he had been allowed the agreed value of it upon account of the purchase price of a new car.

It does not appear, however, that the original bill of sale held by Lane was turned over to the company with his assignment thereof to it attached as required by the Motor Sales act.

Therefore, as we have herein held, the Chandler-Newark Motors, Incorporated, did not have legal title to the car which it could transmit to Chamberlain, or the appellant.

And here, too, it seems to be urged that because the Chandler-Newark Motors, Incorporated, did not have a permit as dealer, as required by *Pamph. L.* 1925, *p.* 287, the respondent, Lane, was in no better position and did not have a legal title which he could assert. Aside from the fact that we have already herein held that the bill of sale to him was good, notwithstanding his vendor lacked the permit called for by the statute, the fact was that the respondent, Lane, was, at the commencement of the action in replevin, actually in possession of the car under his purchase from that company, which sale was evidenced by the bill of sale in question. The appellant had neither such a property in nor such an exclusive right of possession to the car as entitled it to maintain the action or succeed thereunder. *Hunt* v. *Chambers,* 21 *N. J. L.* 620; *Chambers* v. *Hunt,* 22 *Id.* 552.

In this connection it is finally urged that Chamberlain, under whose assumed purchase the appellant holds, obtained a good and legal title to the car and was entitled to possession thereof because he was a purchaser for value, without notice of the claim of Lane, having purchased from a dealer which had possession and an apparent right to sell.

In support of this contention *Halliwell* v. *Trans-States Finance Corp.,* 98 *N. J. L.* 133, is cited.

The facts in that case do not meet the situation here. Ruggerio, the so-called first purchaser from the dealer, never took, nor had, title to the truck, and the dealer never parted with possession of it. The conditional bill of sale under which the finance company claimed was not brought to the notice of Halliwell and, although recorded, was not notice to him because it was not recorded in the county where the truck was where and when he made his purchase. And, further,

it does not appear that in this case the question of the necessity for a bill of sale under the Motor Vehicle Sales act (*Pamph. L.* 1919, *p.* 357, *supra*) was either raised or urged.

For the foregoing reasons, therefore, the application for a re-argument is denied.