C. A. OESTERMAN, INCORPORATED, PLAINTIFF-APPEL-
LANT, v. KING AUTO FINANCE, DEFENDANT-RESPOND-
ENT.

Submitted January 27, 1933—Decided June 17, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD,
and CASE.

For the plaintiff-appellant, *Nathan Blank.*

For the defendant-respondent, *Orlando & Kisselman (Carl
Kisselman,* of counsel).

The opinion of the court was delivered by

CASE, J. This is an appeal from a judgment for the de-
fendant rendered on a finding by the judge, sitting without a
jury, of no cause of action.

Plaintiff alleged in its state of demand that on April 12th,
1932, it had, for the price of $185, purchased an automobile
from the defendant and that thereafter plaintiff was, in a
replevin suit, deprived of possession at the instance of Atlas
Automobile Finance Corporation which held a superior title.
The inference, not stated, is that the present action grounds
in the breach of an implied warranty of title. The real issue
is whether there was such an outstanding title in Atlas Auto-

mobile Finance Corporation as to constitute a breach of the defendant's warranty.

Plaintiff's proofs show that plaintiff is a corporation of the State of Pennsylvania, that the Atlas Automobile Finance Corporation is also a corporation of that state and that the replevin suit was brought there. Although evidence submitted by the plaintiff shows that plaintiff notified defendant "of the said replevin and demanded from the defendant the sum of one hundred and eighty-five dollars * * *," it does not indicate that the notice was in season for the defendant to appear and defend against the replevin. The replevin suit was undefended. The actor therein, Atlas Automobile Finance Corporation, owns a controlling interest in C. A. Oesterman, Incorporated, plaintiff herein. The common predecessor in title was one Fred Dees, who, in purchasing the automobile had received a bill of sale dated June 17th, 1930. That bill of sale was approved and registered by the New Jersey department of motor vehicles on the day of its issue. On October 24th, 1931, Dees assigned the bill of sale to King Auto Company, and on the same day that company as vendor and Dees as vendee entered into a conditional sale contract for the resale of the car to Dees. Also on the same day King Auto Company assigned its contract to King Auto Finance. On default by Dees, King Auto Company reseized, advertised and sold by bailiff at public sale to the highest bidder, King Auto Company. The sale was evidenced by an instrument, the form of which was approved by the New Jersey department of motor vehicles, designated "Execution or Foreclosure Bill of Sale." The King Auto Company assigned to the plaintiff. It is not disputed that all of these title papers and the transactions to which they relate were in conformance with the provisions of "An act relating to and regulating the sale and purchase of motor vehicles requiring presence of manufacturer's number on same, requiring issuance of bill of sale and assignment of same, and providing penalties therefor." *Pamph. L.* 1919, *ch.* 168, as supplemented and amended, 1 *Cum. Supp. Comp. Stat.,* p. 2013, § 135-101 *et seq.; Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1050. We are not en-

lightened on the apparent contradiction between the pleading and the title papers as to the identity of the corporation that had privity with plaintiff.

Plaintiff asserts, however, that title was actually in Atlas Automobile Finance Corporation and that this was accomplished by a transaction between the last named corporation and Dees on May 4th, 1931, the oral testimony being that the Atlas company then "purchased" the automobile by paying the General Motors Acceptance Corporation (whose interest does not appear) $129 and that thereupon the Atlas company entered into a conditional sale agreement for the resale of the automobile to Dees. That instrument, a familiar form of conditional sales agreement, was recorded in the office of the register of deeds for Camden county on May 11th, 1931.

Plaintiff, having based its claim upon the allegation of a superior adverse title in the Atlas company, had the burden, under the circumstances of the case, of proving that basic fact. The Atlas company is not a manufacturer or an agent of a manufacturer. It had no manufacturer's bill of sale. It did not have an assignment of the original bill of sale witnessed by two persons and acknowledged by the seller before an officer duly authorized. There appears to have been some form of an assignment, which, though not placed in our hands, is admitted not to have met the requirements of the motor vehicle statute, *supra*. Section 2 of the statute reads: "It shall be unlawful to sell or purchase any motor vehicle except in the manner and subject to the conditions hereinafter provided," and section 5 provides that "the original bill of sale shall be assigned by the seller to the purchaser by an assignment witnessed by two persons and acknowledged by the seller before any person authorized * * *." Plaintiff's contention is that the statute was designed only to guard against the sale of stolen automobiles and is not applicable to the instant case, citing *General Motors Acceptance Corp.* v. *Smith*, 101 *N. J. L.* 154, and *Huber* v. *Cloud*, 102 *Id.* 181. Those cases, however, were distinguished and the pertinence of the statute clearly stated by the Court of Errors and Appeals in *Merchants Securities Corp.* v. *Lane*, 106 *Id.* 169, and particularly

in the *per curiam* denying the application for a reargument. *Ibid.* 576. It follows that the Atlas Automobile Finance Corporation did not have legal title; and of course its undertaking to make conditional sale to Dees gave it none. It is significant that upon the default by Dees under that agreement and the subsequent effort at resale by the Atlas company to a third party that party obtained recognition from the Pennsylvania motor vehicle department by submitting an assignment from plaintiff of the title that King Auto Company had delivered to plaintiff. In other words, the present holder, who bought in the Atlas company's right, obtains his legal standing by virtue of the defendant's chain of title.

Nonsuit was properly granted. The judgment below will be affirmed, with costs.