MATTHEW PINTENICS, ADMINISTRATOR OF THE ESTATE OF JULIA PINTENICS, DECEASED, PLAINTIFF-APPELLANT, v. ALBERT MENWIG AND ANNA MENWIG, HIS WIFE, DEFENDANTS-APPELLEES.

Submitted January 26, 1934—Decided May 9, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Sol Kantor.*

For the defendants, *Matthew F. Melko.*

The opinion of the court was delivered by

PERSKIE, J.    Plaintiff, administrator of the estate of Julia Pintenics, deceased, instituted a replevin suit against the defendants for the return of a piano, after demand had been made and the return thereof refused.   Plaintiff also sought $500 for the piano and its detention.   The latter phase of plaintiff's action (claim for damages) appears to have been abandoned.   It is not treated by either party.

The record submitted is meager and unsatisfactory.   In

the agreed state of facts it appears that the plaintiff offered in evidence his letters of administration, and "a bill of sale dated August 28th, 1933, from Gilsenan Piano Co., to Julia Pintenics;" and that the piano is now in possession of the defendants, and that they refuse to surrender possession thereof. It neither appears that the bill of sale from Gilsenan Piano Company to Julia Pintenics transferred title to the piano in question nor that the Gilsenan Piano Company ever had title thereto. The mere offer in evidence of the bill of sale, under the circumstances of the instant case, proved nothing.

Defendants admitted receiving the piano. Over objection and exception taken, Anna Menwig testified "that the piano was left with her with the understanding that it was not to be removed from her home until the storage was paid for."

It is urged that the admission of that testimony was erroneous. Section 4 (transactions with deceased) of our Evidence act, 2 *Comp. Stat.* 1709-1910, *pp.* 2216, 2218. To this insistment we desire to make the following observations: First, it is a well-established rule that the grounds of appeal in cases of rulings on evidence should state the name of the witness, and the questions or answers objected to and ruled upon by the trial judge. *Booth* v. *Keegan,* 108 *N. J. L.* 538; 159 *Atl. Rep.* 402; *Ciccone* v. *Colonial Life Insurance Co.,* 110 *N. J. L.* 276; 164 *Atl. Rep.* 444, and a host of like cases to that effect. That rule has not been complied with in the instant case. Second, the record fails to disclose whether this alleged "understanding" was with the deceased. It does not show that she had any "understanding" or transaction with the deceased. Third, excluding or deleting this testimony it does not follow that the plaintiff's legal position is in anywise fortified or strengthened.

The burden was, of course, on the plaintiff to establish by competent proof, ownership, absolute or qualified, and right to exclusive possession where such ownership or right is denied. *Security Credit Corp.* v. *Whiting Motor Co.,* 98 *N. J. L.* 45; 118 *Atl. Rep.* 695; *Merchants Securities Corp.* v. *Lane,* 106 *N. J. L.* 169, 576; 147 *Atl. Rep.* 385, 559.

We have considered all other points raised and argued and find them to be without merit.

Judgment is affirmed, with costs.