ARTHUR R. RAYMOND, PROSECUTOR-APPELLANT, v. TOWNSHIP OF TEANECK ET AL., DEFENDANTS-RESPONDENTS.

Argued October 22, 1936—Decided April 12, 1937.

For the appellant, *Major, Back & Carlsen* and *Ellenstein & O'Brien* (*James A. Major* and *James F. X. O'Brien,* of counsel).

For the respondents, *Donald M. Waesche.*

The opinion of the court was delivered by

HEHER, J. There was no preamble to the statute under review, chapter 277 of the laws of 1935. *Pamph. L., p.* 886. What is so described in the opinion of the Supreme Court was merely the introducer's customary explanatory statement; and it is therefore not to be considered an index of the legislative intent in judicial exposition of the enactment.

Yet the statute is nevertheless patently violative of article IV, section 7, paragraph 11, of the state constitution, inhibiting private, local or special legislative acts designed to regulate the internal affairs of municipalities. The classification made therein imparts to this legislative measure the attributes of special legislation in relation to the domestic affairs of local governments.

Article I, section 19, of the constitution gives recognition to the common law division of municipalities into counties, cities, boroughs, towns, townships and villages. And there resides in the law-making body the conceded power to further classify the several municipalities for legislative purposes. It is within the competency of the legislature to classify objects of legislation; and in the exercise of this power it possesses a large measure of discretion. But the classification, to have the virtue of constitutional generality, must rest upon distinctions that are substantial and not merely illusory. The test is whether the statutory class has a logical and reasonable basis, free from artificiality and arbitrariness, embracing all and omitting none naturally falling into that category. Is it legislation of such a character as is equally appropriate to all forming the statutory class, and is that class embracive of all in like situation and circumstances, and therefore natural members of the class so created? If, viewed in the light of the legislative design, the necessity of propriety of the classification reasonably appears, it is not within the constitutional interdict. *Burlington* v. *Pennsylvania Railroad Co.,* 104 *N. J. L.* 649; *Attorney-General* v. *McKelvey,* 78 *Id.* 623; *Boorum* v. *Connelly,* 66 *Id.* 197; *Lewis* v. *Jersey City,* 66 *Id.* 582; *Wanser* v. *Hoos,* 60 *Id.* 482; *Attorney-General* v. *Anglesea,* 58 *Id.* 372; *Mortland* v. *Christian,* 52 *Id.* 521; *Leeds* v. *Atlantic City,* 81 *Id.* 230; *Johnson* v. *Asbury Park,* 58 *Id.* 604; *Alexander* v. *City of Elizabeth,* 56 *Id.* 71; *Schmalz* v. *Wooley,* 56 *N. J. Eq.* 649; *Stahl* v. *Trenton,* 54 *N. J. L.* 444; *Helfer* v. *Simon,* 53 *Id.* 550; *Stale* v. *Somers Point,* 52 *Id.* 32; *Dobbins* v. *Northampton,* 50 *Id.* 496; *Van Giesen* v. *Bloomfield,* 47 *Id.* 442; *Hammer* v. *State, ex rel. Richards,* 44 *Id.* 667; *Rutgers* v. *New Brunswick,* 42 *Id.* 51; *Trenton Iron Co.* v. *Yard,* 42 *Id.* 357; *Van Riper* v. *Parsons,* 40 *Id.* 1.

Thus, population furnishes a valid basis of classification in statutes relating to the structure, machinery and powers of municipal government, "where population bears a reasonable relation to the necessities and proprieties of the various grades of municipal government." *Lewis* v. *Jersey City,*

*supra.* As was said by Chief Justice Depue in that case, "the classification must rest on some characteristic or peculiarity plainly distinguishing the places included from those excluded and making the legislation fit and appropriate to those included and inappropriate to those which are omitted. It must embrace all and exclude none, whose condition and wants render such legislation equally appropriate to them as a class." See, also, *Randolph* v. *Wood,* 49 *N. J. L.* 85; *affirmed,* 50 *Id.* 175; *Hart* v. *Scott,* 50 *Id.* 585; .*Warner* v. *Hoagland,* 51 *Id.* 62.

The exclusions from the statutory class are ordinarily determinative of the generality of the act in the constitutional signification. This test was applied by the Supreme Court in *Budd* v. *Hancock,* 66 *N. J. L.* 133, 135. There Mr. Justice Garrison said: "A law is special in a constitutional sense when, by force of an inherent limitation, it arbitrarily separates some persons, places or things from others upon which, but for such limitation, it would operate. The test of a special law is the appropriateness of its provisions to the objects that it excludes. It is not, therefore, what a law includes that makes it special, but what it excludes. If nothing be excluded that should be contained the law is general." See, also, *Van Cleve* v. *Passaic Valley Sewerage Commissioners,* 71 *Id.* 183, 200, *et seq.*

So appraised, the statute under review falls. It contains a proviso limiting its operation to municipalities whose population is less than three hundred thousand; and, by another proviso, it excludes all cities having a population of not less than one hundred and thirty-five thousand nor more than two hundred thousand, and which "have commissioners of assessment of taxes," whose protection against removal during good behavior was the design of chapter 326 of the laws of 1929. *Pamph. L., p.* 743. Under the instant statute, tax assessors of municipalities within the prescribed class hold their respective offices for a certain tenure of five years. This is plainly that species of double class limitation which, because of its arbitrary character, utterly lacking in sound distinction and substantial basis, offends the constitutional precept.

Compare *Wilson, Attorney-General,* v. *Ramsey,* 86 *N. J. L.* 263; *Peck* v. *New Barbadoes,* 114 *Id.* 118; *Goldberg* v. *Dorland,* 56 *Id.* 364; *Helfer* v. *Simon, supra.*

The further argument is made by appellant that, by the same token, the act of 1929, *supra,* is unconstitutional, and that, "with that statute out of the way, the double classification complained of by the Supreme Court is removed." As to this, it suffices to say that the statute under review plainly reveals a legislative purpose to exclude absolutely the class delimited, albeit ineffectually, by the act of 1929. The exclusion was in nowise conditioned upon the efficacy of that enactment; and so, in the assaying of the instant statute, this inquiry had no relevancy. Compare *Allison* v. *Corker,* 67 *N. J. L.* 596. This constituted an inherent congenital vice that rendered it abortive.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.