BAYONNE DISTRICT COURT.

AUTOMOBILE BANKING CORPORATION, A CORPORATION, PLAINTIFF, v. GERTRUDE KLEIN, DEFENDANT.

Decided February 14, 1938.

For the plaintiff, *Philip Barbash*.

For the defendant, *Alexander Seclow*.

MELNIKER, D. C. J.   The court is required in this case to determine the question of ownership of a motor vehicle.

The defendant purchased the car at an execution sale under a judgment against a conditional vendee.   The plaintiff claims title as assignee of a conditional bill of sale from the conditional vendor.   The bill of sale was not filed with the register of Hudson county or in any other registration office, but notice thereof was filed in the motor vehicle department by endorsing on the bills of sale filed in that department a notation of the existence of a lien, in compliance, as contended by the plaintiff, with chapter 186 of the laws of 1936, which provides, in substance, that in a case of the conditional sale of a motor vehicle, the record of such sale with the commissioner of motor vehicles shall be deemed sufficient compliance with the provisions of the Conditional Sales act.

The defendant raises two points against the plaintiff's contention—first, that chapter 186 of the laws of 1936 is unconstitutional, and secondly, that even if it is valid, there has not been a proper compliance with its provisions.

The court cannot agree with the defendant's contention on either point.   With respect to the first point, the power of the legislature to enact legislation of this character has been sustained by our courts.   *Hutches* v. *Hohokus*, 82 *N. J. L.*

140; 81 *Atl. Rep.* 658; *Raymond* v. *Township Council of Teaneck,* 118 *N. J. L.* 109; 191 *Atl. Rep.* 480; *Merchant Securities Corp.* v. *Lane,* 106 *N. J. L.* 576; 150 *Atl. Rep.* 559.

With respect to the second point, the statute does not seem to require anything more than a record of the sale in the office of the commissioner of motor vehicles. If anything more were required, the legislature would undoubtedly have specifically so indicated. The filing of the title papers with the deputy is a sufficient compliance with the statute.

A matter of far greater difficulty, however, than the contentions heretofore discussed, is the matter of damages. The plaintiff contends that it is entitled to a judgment for the fair value of the car, plus damages for the detention thereof, while the defendant argues that the damages of the plaintiff should be limited to the balance due the plaintiff on the conditional bill of sale. The court is disposed to favor the latter contention in view of the provisions of the Conditional Sales act, which clearly indicate that it was the intention of the legislature, in cases of conditional sales where more than fifty per cent. of the purchase price has been paid, as in the instant case, to limit the conditional vendor to an amount which will make him whole and not permit him to be unjustly enriched by having both the goods, which are subject of the sale, and a major portion of the sales price. If the car in this case had not been rebonded, but had been left in the possession of the plaintiff, the plaintiff would have been obliged to sell the car at public auction, retain enough of the proceeds to reimburse itself for any losses it may have sustained, and render the overplus to the vendee. To permit the plaintiff to recover anything beyond that simply because the defendant has rebonded the car, would appear to be unconscionable. Some judicial support is given to this view in the cases of *Sloan* v. *Poor,* 7 *N. J. Mis. R.* 197; 145 *Atl. Rep.* 469; *McClellan* v. *North,* 14 *N. J. Mis. R.* 760; 187 *Atl. Rep.* 337; affirmed in 118 *N. J. L.* 68; 191 *Atl. Rep.* 753.

The stipulation of facts filed in this cause puts the unpaid balance due the plaintiff at $112.50. Plaintiff is entitled to judgment for this amount, plus interest from August 23d, 1935, and $10 counsel fee. Judgment will be entered accordingly.