## UNITED STATES v. ONE 1939 CADILLAC TWO-PASSENGER COUPE, MOTOR NO. 8291842, LICENSE NO. NJ-MH-27-V.

Misc. 52–A.

District Court, D. New Jersey.

Jan. 21, 1941.

William F. Smith, U. S. Atty., by Charles A. Stanziale, Asst. U. S. Atty., both of Trenton, N. J., for the United States.

George R. Sommer, of Newark, N. J., for claimant, Florence Parrillo.

WALKER, District Judge.

1. The Libel of Information of the United States of America filed herein sets forth the seizure on or about May 21, 1940, in the Judicial District of New Jersey,[1] of a certain 1939 Cadillac Coupe, Motor No. 8291842, License Number NJ–MH–27–V, 1940, registered in the name of Olive J. Smith, 196 Ocean Avenue, Sea Bright, New Jersey. It charges that on or before the date aforesaid, the vehicle was used in going to and from a place where an illicit still was being operated to bring about the deposit and concealment of distilled spirits upon which a tax was imposed, with the intention to defraud the United States of such tax by means of which the automobile became and is forfeited to the United States.[2]

2. The question: Who owns the automobile? Will be immaterial eventually, because the proceedings under the Statute are in rem;[3] however, the matter of procedure makes it necessary to ascertain if Florence Parrillo is the owner, she being the person who seeks to put the government to proof that the seizure was legal.

3. The question as presented is one of fact, dependent for answer upon the credibility of the witnesses and the weight this court can give to their testimony. It is therefor advisable to summarize herein the pertinent parts thereof to show that the wrongdoers are left in the toils of their duplicity.

4. Olive Smith, although she was the first to assert a claim of ownership, in effect abandoned same when testifying; alleging that her aunt, Florence Parrillo had given her the money with which to buy the Cadillac in question, and that title was taken in her name,[4] because said aunt did not wish her husband, Dominick Parrillo to know she had money with which to make the purchase.

5. The beginning point, shall we say, is November, 1937, when a certain 1938 Buick automobile was purchased and registered in the name of Olive Smith, the motor vehicle (Hudson Convertible Coupe), turned in for the purpose of having the allowance therefor credited on account of the purchase price, was registered in the name of Florence Parrillo, and Dominick Parrillo paid in cash the sum of $650 on November 29, 1937, and the sum of $265 on December 11, 1937.[5] Both sums he said were received from his wife.

6. In the year 1938, the aforesaid Buick automobile was traded in on the purchase of a 1939 Buick car and the initial deposit of $50 was paid by Dominick Parrillo, with money received from Mrs. Parrillo; the balance of $480.80 appears on the records

---

[1] Seizure at Sea Bright, New Jersey.

[2] 26 U.S.C.A.Int.Rev.Code, § 3321.

[3] United States of America v. One International Trailer Unit and Trailer, etc., 36 F.Supp. 845 (Judge Avis, D.C.N.J., filed November 8, 1940); also United States v. One Ford Coupe, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025.

[4] The name of Olive Smith.

[5] This payment is identified on the books of the Dealer as being made by Dominick Parrillo for Olive Smith.

of the seller as having been paid by Olive Smith. This 1939 Buick automobile was driven approximately seven miles, that is, from the Zobel Agency in Red Bank, New Jersey, to the Jones Company,[6] where it was received and credited on account of the purchase price of the automobile in question, which automobile, incidentally, was selected by Dominick Parrillo and although this was done on or about the first of December, 1939, the Cadillac Coupe was not delivered to the Parrillos until December 24, 1939, and $500, the balance due, was paid by Dominick Parrillo, who alleges he received said money from his wife.

7. Mrs. Parrillo attempts to account for the money paid in acquiring the Cadillac by testifying that; said money was taken from a safe deposit box in the Atlantic Highlands National Bank, it being part of several thousand dollars which had been placed therein after said several thousand dollars had been kept in the lining of a hatbox in her home for a period of four years.

8. It is noted that most of the money paid was paid in cash, that the amount which particularly relates to the car in question came from a safe deposit box, that the Cadillac Coupe in question, the 1939 Buick and the 1938 Buick were registered in the name of Olive Smith, and in turn kept in the garage on the property of the Parrillos, who (according to Miss Smith) had complete control of each car. Is this conduct consistent with principles by which persons generally are governed?

9. This court realizes many men can be gulled, but certainly not even Mrs. Parrillo would attempt to gull her husband in the manner alleged unless it is all part of an understanding to accomplish a purpose best known to themselves.

10. It may be argued that the testimony offered has not been contradicted, but courts do not hesitate to discredit undisputed verbal testimony,[7] and the presumption that witnesses speak the truth may be overcome by any matters indicating they are not worthy of credit.[8]

11. An assignment[9] was offered and received in evidence. It purports to transfer to Florence Parrillo all the right, title and interest of Dominick Parrillo in the said Cadillac Coupe. This instrument was executed and made a part of the record for some reason, which may have been fear that the court would find Florence Parrillo, Olive Smith and Dominick Parrillo unworthy of belief, or it might be decided that Florence Parrillo could not succeed because some other person, perhaps Dominick Parrillo, is the owner of the car in question.

12. The foregoing indicates, in fact, it might be said to establish, fears which have not been groundless.

13. This court, from an examination of all of the evidence, finds as a fact that Florence Parrillo has not established by the greater weight of the credible evidence that she is the owner of the 1939 Cadillac Convertible Coupe, Motor No. 8291842, License No. NJ-MH-27-V, 1940, and the said assignment does not change this finding, because even assuming that Dominick Parrillo is the owner, the assignment does not comply with the provisions of the Statute[10] and is defective in several particulars. It is sufficient for the purposes hereof to name only one, the failure to have two witnesses, whose genuine names and residences are stated thereon.[11] This

---

[6] Located in Sea Bright or Rumson, New Jersey.

[7] United States v. One Ford V-8 Sedan, D.C.W.D.Michigan, N.D., 7 F.Supp. 705.

[8] Mayerson v. Mayerson, 107 N.J.Eq. 63, 151 A. 855.

[9] Exhibit C-4.

[10] 39:10-1 et seq., R.S.N.J.1937, N.J.S. A. 39:10-1 et seq.

[11] "In all sales [11a] after a new motor vehicle is sold by the manufacturer or dealer, and in every sale of a used motor vehicle, the seller [11b] shall, except as provided in section 39:10-15 of this title [11c], execute to the buyer [11d] in case of an absolute sale an assignment [11e], or if a sale other than absolute an abstract of contract, in the same form and manner as provided in section 39:10-8 of this title [11f], and shall also deliver to the buyer as set forth in said section 39:10-8 in case of absolute sale, and upon satisfaction of contract if a sale other than absolute, a bill of sale or assignment or all assignments from the time the motor vehicle was first sold. All title papers for the motor vehicle from the time first sold shall at all times be kept and attached together." 39:10-9, R.S.N.J.1937, N.J.S.A. 39:10-9.

[11a] "The term 'sell' or 'sale' or 'purchase' or any form thereof includes absolute or voluntary sales and purchases, agreements to sell and purchase, bailments, chattel mortgages, leases, trust re-

defect, which at first might seem immaterial, is nevertheless fatal for the Statute enacts as a matter of public policy a method of transfer of property in motor vehicles, differing from that prevailing and required as to other chattels,[12] and legal title to a motor vehicle can pass only by documentary evidence executed in the manner prescribed in said statute.

An order should be presented.

---

ceipts and other forms of security agreement whereby any motor vehicles are sold and purchased, or agreed to be sold and purchased, involuntary, statutory and judicial sales, inheritance, devise or bequest, · gift or any other form or manner of sale or agreement of sale thereof, or the giving or transferring possession of a motor vehicle to a person for permanent use; continued possession for sixty days or more is to be construed as permanent use." 39:10–2, R.S.N.J.1937, N.J.S.A. 39:10–2.

11b " 'Seller' includes manufacturer, dealer, lessor, bailor, transferor, conditional vendor, chattel mortgagee, and any person selling, attempting to sell, or delivering a motor vehicle, under conditional sale contract, lease, bailment, transfer agreement, chattel mortgage, trust receipt or other form of security or possession agreement, or legal successor in interest." 39:10–2, R.S.N.J.1937, N.J.S.A. 39:10–2.

11c Not relevant.

11d " 'Buyer' includes purchaser, conditional vendee, lessee, bailee, transferee, chattel mortgagor, and any person buying, attempting to buy, or receiving a motor vehicle, under conditional sale contract, lease, bailment, transfer agreement, chattel mortgage, trust receipt or any other form of security or possession agreement, or legal successor in interest." 39:10–2, R.S.N.J.1937, N.J.S.A. 39:10–2.

11e " 'Assignment' means the written instrument or document required to be executed and delivered by seller to buyer for sale of a used motor vehicle." 39:10–2, R.S.N.J.1937, N.J.S.A. 39:10–2.

11f "When a new motor vehicle is sold in this state, the manufacturer or dealer shall execute and deliver to the buyer in case of absolute sale an original bill of sale, or if other than an absolute sale an abstract of contract, in original and duplicate original, signed or executed by the manufacturer or dealer and the buyer with their genuine names and business or residence addresses stated thereon, witnessed by two persons whose genuine names and residence addresses shall also be stated thereon, and acknowledged by the seller before a person authorized, at the time of taking the acknowledgment, by the laws of this state to take the proofs and acknowledgments of deeds of real estate. The bill of sale or abstract of contract shall contain the manufacturer's numbers of the motor vehicle sold, the name of the manufacturer, the horse power, a general description of the body, if any, the type and model and contract, if any, to which it is subject.

"No dealer may issue the original bill of sale or abstract of contract for the motor vehicle unless licensed as herein provided, nor may a used motor vehicle dealer issue an original bill of sale for a new motor vehicle unless he is also the dealer for the new motor vehicle and licensed as provided herein." 39:10–8, R.S.N.J.1937, N.J. S.A. 39:10–8.

12 Merchants' Securities Corporation v. Lane, 106 N.J.L. 169, 147 A. 385, rehearing denied 106 N.J.L. 576, 150 A. 559; C. A. Oesterman, Inc., v. King Auto Finance, 111 N.J.L. 119, 166 A. 704. These cases passed upon Chapter 168 of the Pamphlet Laws of New Jersey, 1919, the amendments thereto and supplements thereof, repealed by Chapter 166 of the Pamphlet Laws of New Jersey, 1931, but are still controlling, in that the sections of 39:10–1 et seq., R.S.N.J.1937, N.J.S.A. 39:10–1 et seq., referred to, are similar to the Pamphlet Laws repealed as aforesaid.