## ZIG ZAG SPRING CO. v. COMFORT SPRING CORPORATION.

### Civ. No. 11578.

United States District Court
D. New Jersey.
March 9, 1950.

---

Milton, McNulty & Augelli, Jersey City, N. J., for plaintiff (per William Bannon, Jersey City, N. J.).

Stephen P. Piga, Jersey City, N. J., for defendant.

SMITH, District Judge.

This is a civil action which has for its object the recovery of possession of two machines and damages for their wrongful detention. The plaintiff alleges: property in the machines, a right to their immediate possession, their wrongful detention, and damages occasioned by their wrongful detention. The defendant denies these allegations, and by way of affirmative defense alleges: property in the machines in a third party, to wit, Comfort Spring Corporation of Maryland, possession of the machines by the said corporation, and failure to join an indispensable party. The action is before the Court at this time on the motion of the plaintiff first, to strike the defenses, and second, for summary judgment. This motion is resisted by the defendant.

The motion for summary judgment is predicated primarily upon the entire record made thus far by the parties. The record includes over 500 pages of testimony contained in the depositions of four witnesses. This testimony is supplemented by a number of exhibits and two affidavits. It seems reasonable to infer that if there were no genuine issue as to any material fact this voluminous record would not be necessary to establish its absence. The ultimate decision of the Court, however, does not rest on this inference.

It seems necessary to emphasize once again that Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A., vests in the court a Limited Authority to enter summary judgment only if it clearly appears from the record that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The complete absence of any genuine issue of fact must be apparent and all doubts thereon must be resolved against the moving party. Fishman v. Teter, 7 Cir., 133 F.2d 222; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; McElwain v. Wickwire Spencer Steel Co., 2 Cir., 126 F.2d 210; Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167; Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Colby v. Klune, 2 Cir., 178 F.2d 872, 873; See also Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 176 F.2d 90. There is no authority in the court to summarily try the factual issues in advance of trial on the affidavits and the depositions of the witnesses. Ibid.

The present record will not support a determination that there is no genuine issue of fact, a determination essential to the entry of summary judgment. The evidence presented by the plaintiff in support of its motion, the testimony and exhibits, may be sufficient to support its claim for relief and to rebut the defenses interposed by the defendant, but this would not warrant the entry of summary judgment. This evidence, if found to be credible and of sufficient weight, may entitle the plaintiff to a judgment in its favor upon a trial of the action on its merits but not on the present motion.

We express no opinion at this time, however, as to the sufficiency of this evidence because such an expression will clearly carry us beyond the scope of the inquiry permitted under Rule 56. The sufficiency of the evidence may depend, as it usually does, upon the credibility of the testimony

and the weight to be accorded it, collateral issues of fact which can be decided only by the jury on a trial of the issues of fact. The sufficiency of evidence becomes a question of law for decision by the court only when there is an absence of proof sufficient to support a claim or defense.

■■ The defendant's denial of the essential allegations of the complaint raises an issue of fact. This denial casts upon the plaintiff "the burden to establish ownership in itself, absolute or qualified, with a right of exclusive possession at the time of bringing the action". Merchants' Securities Corp. v. Lane, 106 N.J.L. 169, 147 A. 385, 386; Pintenics v. Menwig, 113 N.J.L. 4, 172 A. 377, 378; Agency of Canadian Car & Foundry Co. v. Pennsylvania Iron Works Co., 3 Cir., 256 F. 339, 341. The evidence now before the Court, considered in the light most favorable to the plaintiff, may be legally sufficient to support the plaintiff's claim, but the legal sufficiency of the evidence may not be prematurely determined in advance of trial on a motion for summary judgment. The defendant's denial of the essential allegations of the complaint, even if there were no other defenses interposed, is a valid defense on which it has a right to be heard.

■ The defendant alleges by way of affirmative defense that property in the machines is not in the plaintiff but in a third party, to wit, Comfort Spring Corporation of Maryland. This is a valid defense and we cannot say at this stage that it is without merit. This defense, which is presumed to be denied by the plaintiff, likewise raises a genuine issue of fact.

■ The defendant alleges that the third party purchased the machines from the plaintiff after certain preliminary negotiations had been concluded. It is clear from the present record that there was no formal written contract of sale. The contract of sale, if it is ultimately determined that there was such a contract, is in part oral and in part written; the written parts are embodied in the correspondence between the plaintiff and the third party. It is equally clear that the question as to whether or not there was a contract turns on the conclusions to be drawn from a series of letters considered together with the oral agreement, if any. Surely this situation will not support a determination that there is no genuine issue as to any material fact. Hawkins v. Frickreid Supply Corp., 5 Cir., 154 F.2d 88; see also Long v. Morris, 3 Cir., 128 F.2d 653, 141 A.L.R. 1041; Frank Hemingway, Inc. v. Southport Mills, 5 Cir., 279 F. 237.

■ The defendant further alleges by way of affirmative defense that the machines were in the possession of the third party at the time that this action was commenced. Proof of this allegation may not only defeat the plaintiff's claim for relief but also oust the Court of jurisdiction. Massachusetts & S. Construction Co. v. Cane Creek, 155 U.S. 283, 285, 15 S.Ct. 91, 92, 39 L.Ed. 152. "Where the object of an action or suit is to recover the possession of real or personal property, the one in possession is a necessary and indispensable * * * party." Ibid.

■ The statement made by Judge Frank in the case of Colby v. Klune, supra, seems applicable here. It was therein stated, 178 F.2d at pages 872 and 873: "We have in this case one more regrettable instance of an effort to save time by an improper reversion to 'trial by affidavit,' improper because there is involved an issue of fact, turning on credibility. Trial on oral testimony, with the opportunity to examine and cross-examine witnesses in open court, has often been acclaimed as one of the persistent, distinctive, and most valuable features of the common-law system. For only in such a trial can the trier of the facts (trial judge or jury) observe the witnesses' demeanor; and that demeanor—absent, of course, when trial is by affidavit or deposition—is recognized as an important clue to witness' credibility. When, then, as here, the ascertainment (as near as may be) of the facts of a case turns on credibility, a triable issue of fact exists, and the granting of a summary judgment is error."

■ It is our observation that the very purpose of Rule 56 is defeated where, as here, the motion for summary judgment

414

rests' solely on a voluminous record which contains the testimony and the other evidence which will be offered by the parties on the trial of the action. This procedure casts upon the court the burden of examining the evidence in advance of trial when the court is without authority to determine its credibility, weight or sufficiency. It is obvious that summary judgment entered under these circumstances can only result in reversal, as the many reported cases indicate. The time of the trial court, and frequently that of the appellate court, is not conserved but wasted. This is clearly not conducive to the efficient administration of justice.

██ It is our opinion that Rule 56 should be invoked only when the complete absence of a genuine issue of fact is apparent upon the face of the record. Resort to the remedy where there is any doubt is futile because it is now well settled that all doubts on this preliminary issue must be resolved against the moving party. The rule can be made to fulfill its purpose if it is invoked only in appropriate cases, and these are not too numerous.

The motion for summary judgment is denied.