44 N.J. Super. 262 (1957)
130 A.2d 74
WILFRED ROBSON, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF MARY E. ROBSON, DECEASED, PLAINTIFF,
v.
VICTOR RODRIQUEZ, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 13, 1957.
*264 Messrs. Dimon, Haines & Bunting, appear for the plaintiff.
Messrs. Parker, McCay & Crisculo, appear for the defendant.
Mr. Grover C. Richman, Attorney-General, by Mr George H. Barbour, appears for the intervenor, State of New Jersey.
McGANN, J.C.C.
The plaintiff obtained judgment by consent of the defendant as a result of a claim based on negligence and arising out of an automobile accident that occurred on June 5, 1955. On the day the action was to go to trial, the defendant consented to judgment in the amount of $5,500, without costs. The plaintiff's decedent was killed in the accident and the defendant Rodriquez was uninsured and has no assets with which to pay the judgment. The motor vehicle operated by the decedent was not insured at the time of the accident.
Necessary proofs covering the above facts have been established and filed with the court.
The plaintiff now seeks to have his judgment satisfied out of the New Jersey Unsatisfied Claim and Judgment Fund, N.J.S.A. 39:6-69 et seq.
The Fund opposes payment of the judgment because of the provision of N.J.S.A. 39:6-70 which provides in part as follows:
"The court shall proceed upon such application, in a summary manner, and, upon the hearing thereof, the applicant shall be required to show
(a) He is not a person covered with respect to such injury or death by any workmen's compensation law, or the personal representative of such a person,
*265 (b) He is not a spouse, parent or child of the judgment debtor, or the personal representative of such spouse, parent or child,
(c) He was not at the time of the accident, a guest occupant riding in a motor vehicle owned or operated by the judgment debtor and is not the personal representative of such a guest occupant,
(d) He was not at the time of the accident, operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child, and was not operating a motor vehicle in violation of an order of suspension or revocation,
(e) He has complied with all of the requirements of section five,
(f) The judgment debtor at the time of the accident was not insured under a policy of automobile liability insurance under the terms of which the insurer is liable to pay in whole or in part the amount of the judgment,"
The plaintiff contends first, that subsection (f), supra, does not preclude recovery because the statute does not specifically exclude personal representatives under the subsection in question. Secondly, the plaintiff contends that the statute in part is invalid because it "prohibits recovery by the operator of, or rider in, an uninsured motor vehicle owned by him, his spouse, parent or child, or operated by him or by a person operating a motor vehicle by virtue of an order of suspension or revocation * * *." It is the plaintiff's contention that N.J.S.A. 39:6-70(d) (and possibly 39:6-70(a), (b) and (c)) violates the following constitutional provisions:
The Constitution of the State of New Jersey:
Article I, paragraph 5  "No person shall * * * be discriminated against in the exercise of any civil or military right. * * *"
Article IV, Section VII, paragraph 7  "No general law shall embrace any provision of a private, special or local character."
Article IV, Section VII, paragraph 4  "To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title."
Article IV, Section VII, paragraph 8  "No private, special or local law shall be passed unless public notice of the intention to apply therefor, and of the general object thereof, shall have been previously given * * *"
*266 Article IV, Section VII, paragraph 9  "The Legislature shall not pass any private, special or local laws: * * *
(8) Granting to any corporation, association or individual any exclusive privilege, immunity or franchise whatever.

* * * * * * * *
The Legislature shall pass general laws providing for the cases enumerated in this paragraph, and for all other cases which, in its judgment, may be provided for by general laws."
The United States Constitution:
14th Amendment, Section 1  "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
On the first point raised, I find that the Legislature intended to be consistent in excluding a given class from coverage under the statute and that certainly it did not intend in an instance where a decedent, as part of a class excluded, that his (or her) personal representative could recover. In the case of Giles v. Gassert, 23 N.J. 22, at page 35 (1957), Justice Heher, speaking for our Supreme Court, said:
"That which is clearly implied is as much a part of the law as that which is expressed. Brandon v. Board of Com'rs. of Town of Montclair, 124 N.J.L. 135, 143 (Sup. Ct. 1940), affirmed 125 N.J.L. 367 (E. & A. 1940)."
I further find that this was not a "casus omissus" by the Legislature, but is reasonably implied. Giles v. Gassert, supra.
The second aspect of the plaintiff's argument dealing with the constitutionality of the sections in question brings to the Court's mind the well known principle of interpretation as set out in the case of Jamouneau v. Harner, 16 N.J. 500, at page 515 (1954), wherein Justice Heher said:
"There is a presumption of the constitutional sufficiency of a legislative enactment; and the onus of a showing contra is on him who interposes the challenge. Hart v. Scott, 50 N.J.L. 585 (E. & *267 A. 1888); State v. Dolbow, 117 N.J.L. 560 (E. & A. 1937); Sears, Roebuck & Co. v. Camp, 124 N.J. Eq. 403 (E. & A. 1938). The finding of the Legislature is presumed to have the support of facts known to it `unless facts judicially known or proved preclude that possibility'; generally, it is `not the province of a court to hear and examine evidence for the purpose of deciding again a question which the legislature has already decided'; its function `is only to determine whether it is possible to say that the legislative decision is without rational basis.' Clark v. Paul Gray, [Inc.], 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939). Every intendment is indulged in favor of the validity of the act. It is to be assumed that the act was directed to an exigency made manifest by experience, and the remedy was in accordance with the known need. Ward & Gow v. Krinsky, 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033 (1922)."
On the question dealing with the claim  and this seems to be the chief objection to the statutory sections in question  that the claimant is denied the equal protection of the law, under both the State and Federal Constitutions, and that as a result his client suffers by a resulting discrimination, I hasten to point out that the law is an inexact social science and never has attained perfect precision in its application to people, their classification and behavior. In the case of Board of Health of Weehawken Township, Hudson County v. New York Central Railroad Co., 4 N.J. 293, at page 302 (1950), our Supreme Court said:
"The Legislature may make distinctions of degree having a rational basis; and they will be presumed to rest on that basis if there be any conceivable state of facts which would afford reasonable ground for its action. Washington National Insurance Co. v. Board of Review of U.C.C., 1 N.J. 545 (1948). The legislative authority `is not bound to extend its regulation to all cases which it might possibly reach. The Legislature "is free to recognize degrees of harm and it may confine its restrictions to those classes of cases where the need is deemed to be clearest." If "the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied."' West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 585, 81 L.Ed. 703 (1937)."
In a more recent case, Gundaker Central Motors v. Gassert, 23 N.J. 71, at page 79 (1957), Chief Justice Vanderbilt said:
*268 "Accordingly, the constitutional guarantees of due process and equal protection are elements to be accounted for in the exercise of the State's police power; they are not elements that in any way limit the subjects over which the State may exercise its power, but elements which condition the exertion of that power by their fundamental demands. In Schmidt v. Board of Adjustment of City of Newark, supra, 9 N.J. 405, 414 (1952) we pointed out that:
`* * * the guaranty of due process requires "only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained." Nebbia v. [People of State of] New York, 291 U.S. 502, 54 S.Ct. 505, 510, 78 L.Ed. 940 (1934).'
Moreover, `equal protection of the law,' which demands that all persons similarly situated be dealt with alike, is accomplished by the avoidance of `arbitrary discrimination between persons similarly circumstanced,' Id., 9 N.J., at page 418. Thus, legislation that treats all persons within a class reasonably selected for regulation in a like or even merely in a similar manner, satisfies the mandates of the State and Federal Constitutions, Raymond v. Township Council of Teaneck, 118 N.J.L. 109 (E. & A. 1937); General Public Loan Corporation v. Director of Division of Taxation, 13 N.J. 393 (1953); Guill v. Mayor and Council of City of Hoboken, 21 N.J. 574 (1956)."
This point was fully and carefully covered in the case of Jamouneau v. Harner, supra, 16 N.J., at page 518, wherein Justice Heher said:
"True, as observed in Washington National Insurance Co. v. Board of Review, 1 N.J. 545, 549 (1949), cited by appellant, equality of right is fundamental in both the due process and equal protection guaranties. But this assurance of like treatment to all persons similarly situate is not violated by classification which is reasonable and not arbitrary, in that it rests upon substantial differences fairly related to the public purpose to be served. Where the end is one to which legislative power may properly be addressed, it is enough `if it can be seen that in any degree, or under any reasonably conceivable circumstances, there is an actual relation between the means and the end.' Stephenson v. Binford, cited supra [287 U.S. 251, 53 S.Ct. 181, 77 L.Ed. 288]. An exercise of the police power is not to be struck down as in contravention of the due process and equal protection clauses, `unless it be palpably unreasonable or unduly discriminatory'; and fairly debatable questions as to need and the propriety of the means employed to meet the exigency are within the legislative province. Reingold v. Harper, cited supra. Said Chief Justice Hughes:
`To make scientific precision a criterion of constitutional power would be to subject the State to an intolerable supervision hostile to the basic principles of our Government and wholly beyond the *269 protection which the general clause of the 14th Amendment was intended to secure. * * * When the subject lies within the police power of the State, debatable questions as to reasonableness are not for the courts but for the legislature, which is entitled to form its own judgment, and its action within its range of discretion cannot be set aside because compliance is burdensome.'
Sproles v. Binford [286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167], cited supra. It is settled, said Chief Justice White long ago, `as the essential result of the elementary doctrine that the equal protection of the law clause does not restrain the normal exercise of governmental power, but only abuse in the exertion of such authority, therefore that clause is not offended against simply because, as the result of the exercise of the power to classify, some inequality may be occasioned. That is to say, as the power to classify is not taken away by the operation of the equal protection of the law clause, a wide scope of legislative discretion may be exerted in classifying without conflicting with the constitutional prohibition.' Louisville & N.R. Co. v. Melton, 218 U.S. 36, 30 S.Ct. 676, 54 L.Ed. 921 (1910)."
In this same case the court went on to point out, at the bottom of page 519 of 16 N.J., at the bottom of 650 of 109 A. 2d:
"`There is therefore no precise application of the rule of reasonableness of classification, and the rule of equality permits many practical inequalities. And necessarily so. In a classification for governmental purposes there cannot be an exact exclusion or inclusion of persons and things.' Magoun v. Illinois Trust & Savings Bank, 170 U.S. 283, 18 S.Ct. 594, 42 L.Ed. 1037, 1043 (1898)."
With reference to the claim that Art. IV, Sec. VII, par. 4 of the State Constitution has not been complied with in the title, namely; the title of the act shall be:
"An Act providing for the establishment, maintenance and administration of an unsatisfied claim and judgment fund for the payment of damages for injury to or death of certain persons and for damages to property arising out of the ownership, maintenance or use of motor vehicles in this State in certain cases,"
I should like to refer to the cogent and apt language of defense counsel where he said:
"We fail to follow plaintiff's claim that the title is deficient. It clearly states that a Fund is established and that only `certain' persons are to be paid out of it for injuries or death and that it is to be resorted to for property damage only in `certain cases.' *270 If the incidental effect is to make people do things to bring themselves within the category of `certain persons' and `certain cases' that is because they are concerned with the main object of the act; to provide a fund in which they can share if they qualify.
Forcing the public to obtain insurance is the `product' of the act  not its `object.' The title need only state its object."
In the case of City of Passaic v. Consolidated Police, etc. Pension Fund Commission, 18 N.J. 137, at page 145 (1955), Chief Justice Vanderbilt, speaking for our Supreme Court, said:
"It is difficult, however, to see how the title could be more explicit in stating the object of the law. The title is a label, not an index, and it is only necessary that it set forth the object of an act, not its product, Jersey City v. Martin, 126 N.J.L. 353, 363 (E. & A. 1941), Bucino v. Malone, 12 N.J. 330, 343 (1953)."
On the inferred claim that the act is private and special and not general in nature, I need only point out that the statute is broad in scope, setting up exclusions and classifications based on public policy in keeping with the proper function of the Legislature. In the case of City of Passaic v. Consolidated Police, etc., Pension Fund Commission, supra, Chief Justice Vanderbilt further said, in passing on this question:
"The exclusions from the statutory class are ordinarily determinative of whether the act is general in the constitutional sense, and a law is special in the constitutional sense when it arbitrarily separates some persons, places or things from others upon which, but for such limitation, it would operate, Budd v. Hancock, 66 N.J.L. 133, 135 (Sup. Ct. 1901), Raymond v. Township Council of Teaneck, 118 N.J.L. 109, 112 (E. & A. 1937). The Legislature, however, has a wide range of discretion in distinguishing, selecting and classifying, State v. Garden State Racing Ass'n, 136 N.J.L. 173, 177 (E. & A. 1947)."
For the reasons and because of the authorities above stated, I find that the statute in question was within the legislative scope and authority of the provisions of our State Constitution and does not infringe on the provisions of the Fourteenth Amendment to the United States Constitution; and I, therefore, deny the plaintiff's motion.